WILLIAM BARNES, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

### ERROR TO MASSAC.

Where names in ordinary enunciation are not distinguishable, as Dougal McInnis, and Dugald McGinnis, the doctrine of *idem sonans* will apply.

The same general evidence of property, is as sufficient in criminal as it is in civil cases.

THE plaintiff in error was convicted of horse stealing, at the Massac Circuit Court, at June term, 1855, PARISH, Judge, presiding.

The third instruction asked by plaintiff in error, was as follows: "If the jury should find from the evidence, that the horse in question was the property of Dugald McInnis, the indictment would not be supported by proof of the horse being the property of Dougal McGinnis, unless the jury are satisfied from the evidence, that the said Dugald McInnis, was usually known as well by one name as the other."

The horse had been taken from the possession of William Shuts, an innkeeper, who had, at the time, a special property in the horse.

J. JACK, for Plaintiff in Error.

D. BAUGH, for The People.

SCATES, C. J. The plaintiff was indicted and convicted of stealing the horse of Dougal McGinnis, though his real name was Dugald McInnis. It seems to us, that any supposed variance is amply met, and fully settled by the doctrine in relation to *idem sonans*. The names, in ordinary enunciation, would be undistinguishable, and it would require particular distinctness in the enunciation of the letters, to make a difference apparent. The court we think instructed properly as to the *idem sonans*, and that the party might also be as well known by the one name as the other. Whart. Am. Cr. Law, 278; 1 Tenn. R. 434; *State* v. *France; U. States* v. *Hinman*, 1 Baldw. R. 292; *Rex* v. *Berriman*, 5 Carr and Payne R. 601; 6 ibid. 408.

The court properly refused the third instruction asked by plaintiff in error, which would require the jury to find on the ground alone, of prosecutor being as well known by one name as the other, omitting altogether the immateriality of the variance on account of the *idem sonans*.

The only remaining question is as to proof of general ownership of the horse by prosecutor.

The same general evidence of property is admissible and as sufficient in criminal as in civil cases. Possession, with general acts of ownership over the horse, such as riding to the hotel and putting up as a guest, are sufficient to warrant the verdict, where there is no evidence offered to rebut or contradict the right of property. No evidence of any other general owner is shown. The special property in the landlord, by bailment to him as innkeeper, might also support an allegation of property in him; but the existence of such special property in the innkeeper will by no means prevent the prosecution from alleging property in the general owner.

The cases referred to by plaintiff's counsel of *Commonwealth* v. *Morse*, 14 Mass. R. 218, and *State* v. *Furlong*, 19 Maine R. 225, are not inconsistent with these views. In the first, the court held that the bailment of the goods levied upon, by the officer to another, to keep and return, did not confer such a special property in the bailee, as would support an allegation of ownership in an indictment for larceny. This is questioned by the editor, and justly indeed, unless the bailment conferred no property at all upon the bailee. But we need not stop here to discuss this question, as there can be no doubt that an innkeeper would acquire a sufficient special property to support an allegation of ownership. Yet this will not exclude the general ownership; but it may be laid as the property of either. The proof of ownership in the case in Maine, was wholly uncertain and insufficient.

*Judgment affirmed.*