## HALL VS. GILBERT and MARY M. ALLEN and others.

## HALL VS. GILBERT ALLEN and others.

(1) *Construction of statute.* (2) *Statutory jurisdiction of circuit court in case of will fraudulently suppressed.* (3) *Jurisdiction of equity in such cases.* (4) *Parties defendant — Practice.*

1. The statute (Tay. Stats., 1214, § 15) which declares that " whenever any will of real or personal estate shall be lost or destroyed by accident or design, the circuit court shall have the same power to take proof of the execution and validity of the will, and to establish the same, as in the case of lost deeds," is remedial, and must be liberally construed.
2. In an action against the administrator and heir, the complaint alleged that their decedent in fact left a valid will, making bequests to the plaintiffs; and that said will was suppressed by defendants, who fraudulently conceal or have fraudulently destroyed it, etc.; and it demands that proofs be taken, and the validity of the will confirmed, and that an account be taken of the value of the estate that has come into defendants' hands, and they be adjudged to pay plaintiffs their shares thereof, etc. *Held,* on demurrer, that the complaint states a cause of action, of which the circuit court has jurisdiction under the statute above cited.
3. In the absence of such statute, the circuit court would have jurisdiction of the action under its general equity powers.
4. In such an action the heir is a necessary party; but the objection not having been taken by the demurrer, cannot be taken by the defendants on appeal.

APPEALS from the Circuit Court for *Waupaca* County.

Hall vs. Gilbert and Mary M. Allen and others.

### FIRST CASE.

The complaint alleges that one Philander Lougee died on the fourth day of April, 1864; that he was a resident of this state at the time of his death, and left property therein; and that the defendant *Gilbert Allen* was appointed by the proper court administrator of the estate of Lougee, and the same was administered upon and settled as an intestate estate, and the proceeds thereof paid over to the defendant *Mary M. Allen*, who was the sister and sole heir-at-law of Lougee. It then proceeds to charge that Lougee left a valid last will and testament, in and by which he bequeathed all of his estate to the plaintiffs and to those of the defendants who do not join in this appeal, whose consent to be made plaintiffs in this action could not be obtained; that the will came to the possession of the defendant *Gilbert Allen* immediately after the death of Lougee; that said *Allen* has never presented the same to the proper county court for probate, or even for inspection, but on the contrary has ever refused to do so, and has " either fraudulently kept possession of and concealed it ever since he obtained it, or has fraudlently destroyed it; " and that both of the appellants fraudulently concealed the fact of the existence of such will from the proper county court, and fraudulently procured *Gilbert Allen* to be appointed such administrator.

It is further alleged that the facts in reference to the making of said will were not fully known to the plaintiffs or either of them until within five months before the commencement of the action; and that since the discovery of these, both appellants were duly and severally requested to pay over to the lawful legatees the residue of said estate remaining in their hands, which they refused to do.

The prayer of the complaint is, that proofs be taken, and the validity of the will be confirmed by the judgment of the court; that an account be taken of the amount or value of the estate which has come to the hands of the defendant *Mary M*

*Allen,* and that she be adjudged to pay to the plaintiffs their share thereof with interest; and that their shares of the real estate in Wisconsin of which their testator died seized, and which has not been disposed of, be ascertained and declared; and for general relief.

Three of the six legatees are minors.

To this complaint the defendants *Mary M. Allen* and *Gilbert Allen* interposed a demurrer, containing several specifications, which it is unnecessary to set out at length; and they appealed from an order overruling their demurrer.

*Weymouth & Porter,* for appellants. [No brief.]

*G. C. Prentiss* and *Israel Holmes,* for respondents, argued that plaintiffs were prevented by the wrong of the appellants from proceeding under the will in the county court; that appellants therefore could not take advantage of their own wrong by objecting to plaintiffs seeking relief in another forum (Broom's Leg. Max., pp. 278, 283); that the fraud of *Gilbert Allen* creates as against him a resulting trust by operation of law (1 Story's Eq. Jur., § 439; *Robertson v. Robertson,* 9 Watts, 32); that *Mary Allen* is chargeable in like manner if she assisted her husband's fraud, or received the property without consideration, both which are charged (Adams' Eq., *176); that even if plaintiffs were not wholly without other remedy, it is sufficient to sustain the jurisdiction of equity, that it can give more complete and effectual relief; that courts of equity exercise a concurrent jurisdiction with courts of law in all matters of fraud, excepting only fraud in *obtaining a will.* 1 Story's Eq. Jur., § 440. In support of the jurisdiction of equity in a case like the present, counsel further cited *Tucker v. Phipps,* 3 Atk., 360; *Hayne v. Hayne,* 1 Dick., 18; Adams' Eq., *248; 1 Story's Eq. Jur., § 254; Hill on Trustees (4th Am. ed.), 235; *Bailey v. Stiles,* 1 Green's Ch. (N. J.), 220; *Brown v. Brown,* 10 Yerg., 84; *Buchanan v. Matlock,* 8 Humph., 390; *Allison's Devisees v. Allison's Heirs,* 7 Dana, 94; *Mead v. Heirs of Langdon,* cited in *Heirs of Adams v. Adams,* 22 Vt., 59. They also

distinguished the cases of *Gaines v. Chew*, 2 How. (U. S.), 619; *Morning Star v. Selby*, 15 Ohio, 345; *Slade v. Street*, 27 Ga., 17.

The following opinion was filed at the June term, 1872.

LYON, J.— The only grounds of demurrer assigned which seem to require notice, are included in the general one, that the complaint does not state facts sufficient to constitute a cause of action of which a court of equity has jurisdiction.

We are of the opinion that the objection is not well taken, and that the complaint does state a cause of action cognizable in the circuit court.

The statute provides that "whenever any will of real or personal estate shall be lost or destroyed by accident or design, the circuit court shall have the same power to take proof of the execution and validity of such will, and to establish the same, as in the case of lost deeds." Tay. Stats., 1214, § 15.

This is a remedial statute, and must be liberally construed; and we have no difficulty in holding, even if the jurisdiction of the circuit court depended upon this statute alone, that it has jurisdiction.

But it is perfectly clear that a court of equity has jurisdiction of the action independently of the statute. The *gravamen* of the complaint is the *fraud* of the appellants in concealing the will or destroying it; and fraud is peculiarly within the jurisdiction of courts of equity.

I am aware that there are many decisions which hold that equity will not set aside the probate of a will fraudulently obtained, and such is probably the law. *Holden v. Meadows*, *ante*, p. 284, and cases cited. But I have seen no case which holds that equity will not take cognizance of an action like the present one, brought to establish a will fraudulently concealed or destroyed.

We have not been favored with any brief or argument on behalf of the appellants, and do not, therefore, feel called upon to enter into a very elaborate discussion of the question presented by this demurrer.

*By the Court.*— The order of the circuit court overruling the demurrer, is affirmed.

### SECOND CASE.

LYON, J. The only difference between this case and the former is, that Mary M. Allen is not a party to this action. She is doubtless a necessary party thereto ; but the objection that she is not made a party is not taken by the demurrer to the complaint, and is not available to the appellant. The cases being in all other respects alike, the same order that was made in the other case must be made here.

*By the Court.*— The order of the circuit court overruling the demurrer to the complaint, is affirmed.

Motions for a rehearing in these cases were denied at the January term, 1873.