WILLIAM ANDERSON *et al.*

*v.*

REBECCA J. IRWIN.

*Filed at Mt. Vernon January 18, 1882.*

1. EVIDENCE—*primary and secondary.* It is a familiar rule that no evidence will be received of a fact which, from its very nature, shows there might be better evidence to such fact, without first satisfactorily accounting for the absence of the higher order of evidence. The counterpart of this rule is, that the law is satisfied where the fact sought to be established has been proven by the best evidence of which, in its nature, it is susceptible.

2. SAME—*degree of proof against one who destroys written evidence.* Where one deliberately destroys, or purposely induces another to destroy, a written instrument of any kind, and the contents thereof subsequently become a matter of judicial inquiry between the spoliator and an innocent party, the latter will not be required to make strict proof of the contents of such instrument in order to establish a right founded upon it. In such case, slight evidence will suffice.

3. So, where a will duly executed and attested was destroyed, with the connivance of a part of the heirs of the testator, and no copy appearing to be in existence, in a suit by a devisee not a party to such destruction, it was *held,* that the latter was only required to show, in general terms, the disposition which the testator made of his property by the instrument, and that it purported to be his will, and was duly attested by the requisite number of witnesses.

4. WILL—*evidence as to sanity of testator.* On a bill to establish a will destroyed after the testator's death, proof of the sanity of the testator is not

indispensable in the absence of any proof that he was not in his sound mind, and in such case the disposition made by him of his property may of itself afford sufficient evidence of his sanity.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Clay county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. F. G. COCKRELL, and Mr. J. C. ALLEN, for the plaintiffs in error:

When a party seeks to establish a lost instrument, he must show that it was executed with all the formalities required by law,—that it has been lost or destroyed,—before he can give evidence of its contents. *Kimbell* v. *Morrell*, 4 Greenl. 368; 2 Greenleaf on Evidence, sec. 368; *Owen* v. *Thomas*, 33 Ill. 320.

The contents of the instrument must be proven by evidence "clear and most stringent." 2 Greenleaf on Evidence, sec. 688 a; *Davis* v. *Sigourny*, 8 Metc. 487; *Kimbell* v. *Morrell*, 4 Greenl. 368.

The evidence must show that the testator was of sound mind when the will was executed. *Dickie* v. *Carter*, 42 Ill. 376; *Andrews* v. *Black*, 43 id. 256; *Crawley* v. *Crawley*, 80 id. 469.

Messrs. HAGLE & FINCH, for the defendant in error:

Where a party has suppressed or destroyed any species of evidence or written instrument, or refuses to produce books and papers, his opponent may give parol proof of their contents, if they are shown to be, or to have been, in possession of the opposite party; and if such secondary evidence is imperfect, vague and uncertain, every intendment and presumption shall be against the party who might remove all doubt, etc. And where there is sufficient evidence to warrant the belief that the opposite party once had the instrument in his possession, the rule applies with all its force. *Rector* v. *Rector*, 3 Gilm. 105; *Winchell et al.* v. *Edwards et al.* 57 Ill. 41.

The right of a party claiming under a will, arises out of the will itself, and becomes a vested right at the death of the testator. The probate, or proof, of the will does not confer the right, but is merely the evidence, or furnishes the means of procuring the evidence, of a right already vested. *Shepard* v. *Carriel,* 19 Ill. 313.

Testamentary capacity exists when the testator has an understanding of the nature of the business in which he is engaged, the value of his property, and is capable of managing his ordinary business affairs. Tested by this well known rule, the testamentary capacity of the testator is fully established. *Roe* v. *Taylor,* 45 Ill. 405.

Mr. Justice Mulkey delivered the opinion of the Court:

Joseph Anderson died on the 28th of May, 1879, leaving Patsy Anderson, his widow, since deceased, and William, John, Thomas, Joseph, and George Anderson, and Rebecca J. Irwin, his children, and William P. McKee, a grand-son, his only heirs at law. At the time of his death he left an instrument purporting to be his last will and testament. It was found among his effects, sealed up in an envelope, indorsed "Joseph Anderson's Will." A short time after his death a meeting was appointed at William's for opening and examining the will, to which all the heirs were invited but the daughter and grand-son. William, John and Thomas were present at the meeting. None of the other heirs attended. The instrument was opened and read by Robert Walker, who was subsequently appointed administrator of the estate, in the presence and hearing of the widow and three attending heirs. It purported to be the will of the deceased, and was witnessed by George D. Ramsey and S. S. Clark. By the provisions of the will the testator gave his entire estate to his wife for life, and divided the remainder, after charging John with $475, with interest at ten per cent per annum from 1856, and William with $400, with like

interest from 1866, equally among the heirs. This meeting occurred on the 5th of June, 1879. At the conclusion of it, Thomas, who was named as executor, took possession of the will and kept it till the 13th, when he returned it to William. On the 22d of the same month, Thomas went to see his mother, then at William's, and told her he could not probate the will on account of ill health, when she informed him she intended to burn it. He thereupon told her if she was determined to burn it, to call some one besides the family. She then started off towards the fire, and afterwards told him she had burned it. Under this state of facts the daughter, Mrs. Irwin, filed the present bill, by which she seeks to establish the instrument in question as the will of her father, and to have the estate of the testator distributed according to its provisions.

The circuit court of Clay county found the equities with the complainant, and entered a decree in conformity with the prayer of the bill. From that decree Thomas, John and William alone appealed to the Appellate Court for the Fourth District, where said decree was affirmed, and we are now asked to review the judgment of that court.

The objection urged to the decree in this case is, that the evidence fails to show that the alleged will was in fact the will of the testator, or that it was executed in conformity with the statute, and also that the contents of the will are not sufficiently proven. The law is intended to be practical in its application to the varied transactions and circumstances which go to make up the affairs of life, and which are constantly giving rise to legal controversies that have to be settled in courts of justice. Indeed, most of the rules of evidence have been established with direct reference to this principle. Thus, it is a familiar rule that no evidence will be received of a fact which, from its very nature, shows there is better evidence of such fact, without first satisfactorily accounting for the absence of the higher order of evidence,—

or, more briefly, the law requires in proof of a fact the best attainable evidence. The counterpart of this rule is, the law is always satisfied where the fact sought to be established has been proven by the best evidence of which, in its nature, it is susceptible. The latter rule we regard as important in its application to the circumstances of this case. The instrument in controversy having been destroyed without the fault of the defendant in error, and with the connivance of a part, if not all, of plaintiffs in error who interposed any defence in the court below, and there not appearing to be any copy of it in existence, it would be equivalent to denying the complainant relief altogether to require her to prove the very terms in which it was conceived. All that could reasonably be required of her under such circumstances, would be to show in general terms the disposition which the testator made of his property by the instrument,—that it purported to be his will, and was duly attested by the requisite number of witnesses. This was all fully and clearly shown.

It is worthy of note that the bill is confessed as to all of the defendants who were not present at the meeting at William's when the will was read by Walker, and that of those present at that meeting, Thomas, John and William alone appealed to the Appellate Court, and are the only ones prosecuting this writ of error. It is only necessary, therefore, to consider this case in its relation to them. Viewing it thus, it is difficult, in the light of all the circumstances before us, to repress the conviction that if they did not actually conspire with the mother to destroy the will, they at least connived at it. Their denial under oath, in their answers, of all *personal* knowledge of the will, in the light of the subsequently admitted fact that they were present and saw it taken from the envelope and heard its contents read, is so manifestly a mere play upon words at the expense of the real truth, that they stand in anything but an enviable light before the court. In view of all the facts, we think the maxim, *omnia præsum-*

*untur contra spoliatorem,* may properly be applied to this case. In applying this maxim, the rule seems to be well settled that where one deliberately destroys, or purposely induces another to destroy, a written instrument of any kind, and the contents of such instrument subsequently become a matter of judicial inquiry between the spoliator and an innocent party, the latter will not be required to make strict proof of the contents of such instrument in order to establish a right founded thereon. In such case slight evidence will suffice. Broom's Legal Maxims, 576.

As to the objection there is no proof of the sanity of the testator, it is sufficient to say that in the absence of anything tending to show he was not of sound mind, we think, under the circumstances of this case, the dispositions of the will itself afford sufficient evidence of the testator's sanity.

Upon the whole, we are fully satisfied with the decree in the case, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*