Jones *et al. v.* Casler.

Filed Nov. 16, 1894.

---

No. 16,882.

## Jones et al. *v.* Casler.

Will.—*Destruction of.*—*Establishment and Probate.*—*Complaint.*—A complaint to establish and probate a will alleged to have been executed by the testatrix, and fraudulently destroyed after her death, sufficiently shows the existence of the will at the death of the testatrix.

Same.—*When Only Substance of Will Need be Pleaded and Proved.*—*Evidence.*—A complaint to establish and probate a lost or destroyed will is not required to set out the exact words, but it will be sufficient where no copy has been preserved if the substance of the will be pleaded, showing the disposition made of the property, and it will also be sufficient if the proof follow the pleading and be made as required by statute.

Same.—*Allegation as to Residence of Testator.*—A complaint to establish and probate a will alleged to have been fraudulently destroyed by the defendant is not bad for failing to allege the county and State wherein the testatrix died.

Same.—*Proof of Part of Will Fraudulently Destroyed.*—If part of the provisions of a will are proved according to law such part will be given effect as against the fraudulent destroyer of the will.

Pleading.—*Complaint.*—*Administrator.*—*Party to Record.*—*Final Judgment.*—*Appeal.*—Where an administrator is made a party to an action upon application of the plaintiff, and his name appears in the

Jones *et al. v.* Casler.

list of defendants given in the title of the action, he is a party to the record, although there is no allegation in the complaint that he is administrator or in any manner connecting him with the cause of action, and if the judgment rendered is broad enough to preclude all the parties, he is entitled to appeal; and as the verdict could not cure a defect consisting in the omission of facts essential to a cause of action, the complaint as to him will be held to be insufficient.

SPECIAL VERDICT.—*Omission of Essential Facts.*—*Venire De Novo.*—Omitted essential facts do not vitiate a special verdict and a motion for a *venire de novo* will not lie therefor.

SAME.—*Improper Findings Disregarded.*—Improper findings, such as conclusions, opinions or evidentiary facts in a special verdict will be disregarded, and a motion for a *venire de novo* on account thereof will not be granted.

SAME.—*Finding of Fact.*—*Presumption as to Evidence.*—Where a jury, in a special verdict, finds a fact to exist which the law requires to be proved by a certain number of witnesses, it is not necessary that the finding should state that such fact is proved by that number of witnesses, as it will be presumed that the finding that the fact exists is based upon the requisite proof.

BILL OF EXCEPTIONS.—*Time for.*—*Motion for New Trial.*—Where, on June 8, 1892, a motion for a new trial was filed and taken under advisement, and at the same time the court allowed of record one hundred and sixty days for the filing of a bill of exceptions, and on February 27, 1893, the motion for a new trial was overruled and the bill of exceptions filed, such bill is, under section 626, R. S. 1881, properly in the record.

EVIDENCE.—*Document.*—*Fraudulent Destruction.*—*Search.*—Where the theory of a case is that a document was fraudulently destroyed, proof of a search and failure to find the document is not required.

INSTRUCTION TO JURY.—*Invasion of Jury's Province.*—An instruction that "when witnesses are otherwise equally credible and their testimony otherwise entitled to equal weight, greater weight and credit should be given to those whose means of information were superior; and, also, to those who swear affirmatively to a fact, rather than to those who swear negatively, or to a want of knowledge or a want of recollection," is bad as invading the province of the jury.

From the Wells Circuit Court.

*L. Mock* and *A. Simmons*, for appellants.

*E. R. Wilson, J. J. Todd, F. M. McFadden* and *W. H. Eichhorn*, for appellee.

HACKNEY, C. J.—This was a suit by the appellee to establish and probate the last will of Clarissa E. Jones.

By the first paragraph of the complaint, it was alleged that said Clarissa died testate, leaving certain real estate; that she left her husband, Jacob Jones, and one child, Anna, surviving her; "that after the death of the said Clarissa Jones, her husband, Jacob Jones, with the fraudulent intent of cheating and defrauding this plaintiff, knowingly and fraudulently, and without the plaintiff's consent, burned and destroyed" the last will of said Clarissa, which had, in the lifetime of said Clarissa, been made, signed, and published in the presence of three named persons who signed said will as attesting witnesses.

It is alleged, generally, that the testator, by said will, devised said lands to said Jacob Jones for and during his natural life, and that "said will further provided that after the death of said Jacob Jones, said Clarissa gave and devised said real estate to the plaintiff, Herbert B. Casler, in fee, provided that she, the said Clarissa, should not have a child living at the time of the death of said Jacob Jones."

And said will further provided that if she, the said Clarissa, should have a child, and the child lived, and was living at the time of the death of said Jacob Jones, the real estate was to be divided equally between said child and Herbert B. Casler.

It is also alleged that by reason of the destruction of the will, the substance thereof only can be given, which, he alleges, is stated as above.

Appellants object to the sufficiency of this paragraph as not alleging that the will was in existence at the time of the death of said Clarissa, and that all of the provisions of the will are not pleaded with clearness and cer-

tainty, but that the allegations as to its provisions are conclusions, and not statements of fact.

The allegations of the execution of the will, the intestacy of the testatrix, and the destruction of the will after her death, sufficiently showed the existence of the will at the death of the testatrix. The allegations of the contents of the will are general, and, under ordinary circumstances, would be insufficient; but the facts alleged, if proven as alleged, would certainly authorize the establishment of the will so far as its bequests are concerned. To require that a copy of the will or the language of the bequests, in detail, should be pleaded, where no copy has been preserved and where the memory of witnesses does not hold the exact words, would not only deny the substance for mere form, but would offer a premium upon the rascality of one whose interests might suggest the destruction of the will.

As said in *Anderson* v. *Irwin*, 101 Ill. 411: "The instrument in controversy having been destroyed without the fault of the defendant in error, * * * and there not appearing to be any copy of it in existence, it would be equivalent to denying the complainant relief altogether to require her to prove the very terms in which it was conceived. All that could reasonably be required of her under such circumstances, would be to show in general terms the disposition which the testator made of his property by the instrument,—that it purported to be his will, and was duly attested by the requisite number of witnesses."

In *Allison* v. *Allison*, 7 Dana (Ky.), 91, it was said, in speaking of the character and extent of proof required in such a case: "Nor is there any just ground to object to the proof, because the witnesses have not given the language of the will, or the substance thereof. They

have given the substance of the different devises, as to the property or interest devised, and to whom devised. And we would not stop, in the case of a destroyed will, to scan with rigid scrutiny the form of the proof, provided we are satisfied of the substance of its provisions.''

In *Early* v. *Early*, 5 Redf. (N. Y.) 376, is the following language applicable to this question and to section 2609, R. S. 1881, cited by appellants' counsel: ''Section 1865 of the code requires that the provisions of a lost will must be clearly and distinctly proved by at least two credible witnesses, before it can be admitted to probate; but this section must receive a liberal construction (*Hook* v. *Pratt*, 8 Hun, 102 (109)); and its spirit is complied with by holding that it applies only to those provisions which affect the disposition of the testator's property, and which are of the substance of the will.''

In our opinion, the first paragraph of complaint was not subject to demurrer for want of sufficient facts in the respects urged by the appellants.

The second paragraph of complaint differs from the first in containing what is alleged to be the substance of the entire will which is embodied in the pleading in the form in which it was drafted.

The objections urged to the first paragraph are urged also to the second, and for the reasons above stated must fail. In addition to the objections there urged, it is further claimed that the second paragraph was insufficient in failing to allege the county and State wherein Clarissa E. Jones died. To this proposition is cited section 2580, R. S. 1881. Under that provision of the statute, if the testatrix owned, at her death, the lands devised, and which were alleged to be situated in Wells county, Indiana, the place of her residence or of her death, was immaterial, since the location of assets deter-

mines the county in which proof of wills may be taken. However, this proceeding comprehends more than the probating of the will, its primary object is to establish the will. The *gravamen* of the complaint, upon this branch, is the fraud of Jacob Jones in destroying the will. This question is one peculiarly within the equitable jurisdiction of the courts, and does not arise upon, but is simply recognized by the statute, and some rules of procedure are laid down. *Hall* v. *Gilbert*, 31 Wis. 691. Under our code, which strikes down the distinctions, in practice, between actions at law and suits in equity, remedies invoking both jurisdictions may be combined in one proceeding, and the complaint is not demurrable if it pleads a right within either jurisdiction. It will be seen, therefore, that the complaint is not subject to demurrer if appellant's position were correct upon the proposition that probate of a will is not allowed without the allegations mentioned, since it is not objectionable as invoking the equitable jurisdiction of the court.

On behalf of the appellant Benjamin F. Starr, administrator of the estate of said Jacob Jones, deceased, it is assigned as error, and argued that the complaint did not state facts sufficient to constitute a cause of action. The record discloses that upon application of the appellee the said Starr, as such administrator, was made a party to the action, and was brought into court to answer the complaint; however, there was no allegation in the complaint that he was such administrator, or in any manner connecting him with the cause of action, though his name appears in the list of defendants given in the title of the action at the heading of the first paragraph of complaint.

The appellee now insists that Starr, as administrator, was not a proper or necessary party to the action, and

that no judgment or decree was rendered against him from which this appeal may be prosecuted. The decree simply found the execution and destruction of the will, its provisions, and the death of the testatrix, of her daughter Anna, and of said Jacob Jones, and decreed that said will be established and admitted as probated. The general character of the decree is probably broad enough to preclude all persons who were parties to the record, and that Starr was not a party to the record is not asserted. There was, therefore, a final judgment from which his appeal lies. Was the complaint sufficient, as to Starr, after verdict? ' Verdicts do not cure defects which consist in the entire omission of facts essential to a cause of action. We can not escape the conclusion that each paragraph of complaint was insufficient as to the appellant Starr, administrator.

Upon the return of a special verdict by the jury, the appellants filed their motion for a *venire de novo*, which motion was overruled, and that ruling is here urged as error. One of the propositions urged is that the verdict had no finding as to whether the provisions of the will had been proven by two witnesses. Omitted essential facts do not vitiate a special verdict, and motion for a *venire de novo* will not lie therefor. *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Board, etc.,* v. *Pearson,* 120 Ind. 426; *Branson* v. *Studabaker*, 133 Ind. 147; *Equitable, etc., Ins. Co.* v. *Stout*, 135 Ind. 444.

It is further urged upon that ruling, that the special verdict contained conclusions. That some of the findings may be mere conclusions, opinions, or evidentiary facts or circumstances does not admit the motion for a *venire de novo,* but such improper findings are disregarded. See cases last above cited, together with the following cases cited by the appellants: *Conner* v. *Citizens St. R. W. Co.,*

105 Ind. 62; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210.

The office of the motion is to secure another trial because of the insufficiency of the verdict, general or special, to support a judgment in favor of either party. We apprehend that the instances are few where the motion may be properly addressed to a special verdict since, by the practice in this State, conclusions, opinions, evidentiary facts and the like are disregarded, and the facts properly found are alone regarded, and if an essential fact is not found it is treated as not proven. It is probably true that the motion will lie where the findings are so uncertain or ambiguous or contradictory that it can not be determined what was intended to be found upon a material fact or issue, but such an instance is not presented by the record in this case.

The appellants moved, also, for judgment in their favor upon the special verdict, which motion the court overruled, and of that ruling complaint is here made. Two propositions are urged against that ruling: That the verdict failed to find that the provisions of the alleged destroyed will had been proven by the testimony of two witnesses, and that the findings returned are mere conclusions of the contents of the will, and not the will in form, with signatures of the testatrix and attesting witnesses. Upon these propositions appellants cite section 2609, R. S. 1881, which is as follows: "No will of any testator shall be allowed to be proven and established as lost or destroyed, unless the same shall be proven to have been in existence at the time of the death of the testator; or be shown to have been destroyed in the lifetime of the testator without his consent, or otherwise fraudulently disposed of; nor *unless the provisions shall be clearly proven by two witnesses,* or by a correct copy and the testimony of one witness."

Jones *et al. v.* Casler.

From what we have said as to the character of a proceeding to establish a will lost or destroyed, it is probable that a trial by jury and special verdict were never contemplated. See also *Wright, Admx.*, v. *Fultz*, 138 Ind. 594. However it may be as to the right of trial by jury in a case like the present, we are unable to observe the necessity for a special finding that proof has or has not been made by the number of witnesses required by the statute. It is the law that a material fact in any cause shall be established by a preponderance of the evidence, and yet it could hardly be said that the jury should return specially their finding that such fact is supported by such weight of evidence. That question, upon the instruction of the court, is submitted to the consciences of the jurors, and when the facts are returned they are presumed to have been found from the requisite evidence. So in the case before us, and if that presumption is discovered to have been erroneously indulged, the discovery must be made upon the motion for a new trial.

The second proposition upon the motion for judgment in favor of the appellants rests upon findings of the substance of provisions of the will rather than the exact words and form of the will. We have said, upon the demurrer to the complaint, that the substance is sufficient where the exact words can not be established and more certainty in findings can not be required than is required in pleading or in evidence.

As Thornton says, in his treatise on the law of Lost Wills, p. 147: "Swinburn lays it down that the two witnesses need only testify 'to the tenor of the will.' 2 Swinburn, p. 14, pl. 4. By the 'tenor' of a will is meant 'its purport and effect, as opposed to the exact words of it.' Rapalje & Lawrence's Law Dic., 'Tenor.' So, in the present day, it is enough to prove the substance of the

will, without proving the precise statement of the language or terms used in it. *Allison* v. *Allison, supra; Davis* v. *Davis*, 2 Adams, 223; *McNally* v. *Brown*, 5 Redf. 372; *Morris* v. *Swaney*, 7 Heisk. 591; *Wyckoff* v. *Wyckoff*, 1 C. E. Green, 401. But the substance, when proved, must show 'substanially the testamentary intentions of the testator.' *Woodard* v. *Goulstone*, 11 App. Cas. 469.''

In the absence of authority, we should not doubt the rules thus stated. They are essential to the discovery and effectuation of devises which fraud and deceit would conceal or destroy. If it were otherwise, one whose condition would be improved by the destruction of a will could throw it in the fire and defy exact proof, which could rarely, if ever, be made. We would not be understood as departing in the slightest from the requirement that the provisions of the will shall be clearly proven, but we do not incline to the rule contended for by counsel for appellant, that such strictness shall be required as would practically defeat the ends of justice and promote the evil intended to be remedied.

Numerous questions are presented in argument upon the overruling of appellants' motion for a new trial, and, before taking them up, we will dispose of an objection by the appellee to a consideration of that ruling upon the ground that the evidence is not properly in the record. On the 8th day of June, 1892, the motion for a new trial was filed and taken under advisement by the court, and, at the same time, the court allowed of record one hundred and sixty days in which to prepare and file bills of exceptions. On the 27th day of February, 1893, the court overruled the motion for a new trial, and among other proceedings of that day the appellants filed their bill of exceptions embodying the evidence. It is now insisted that the time for filing the bill, as allowed by

the court, having expired, the bill was not properly filed.

We have the following provision in section 638, R. S. 1894, section 626, R. S. 1881: ''The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of court. ·* * * *Provided,* That if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion.''

The allowance of time by the court did not, and could not, operate to deny the right expressly given by the statute.

In discussing the sufficiency of the evidence to sustain the verdict, it is insisted that under section 2609, R. S. 1881, above quoted, some two witnesses must concur in their evidence of the entire contents of the alleged destroyed will, so that the instrument can be reproduced in writing and be written at full length upon the records of probate.

While conceding that courts of respectable authority have so held, we have already indicated our conclusion that proof of the substance of the provisions of the will is all that can reasonably be required, and as to the word provisions, employed in our statute, we do not understand that it was intended to comprehend all of the terms of the will, including the appointment of executors, the revocation of former wills and the like, but, that it was intended to include only those provisions which conferred some property right upon devisees or legatees. See *Wallis* v. *Wallis,* 114 Mass. 510; *Sheridan* v. *Houghton,* 6 Abb. N. C. 234; *Vining* v. *Hall,* 40 Miss. 83. So much of the will would enable the court to judge

not only of the testamentary intentions of the testator, but to give the will its proper legal construction. No more could be reasonably required.

There are cases which hold that if the devises are proven only in part those which are proven satisfactorily may be probated. *Dickey* v. *Malechi*, 6 Mo. 177; 34 Am. Dec. 130; *Burge* v. *Hamilton*, 72 Ga. 568; *Skeggs* v. *Horton*, 82 Ala. 352; *Dower* v. *Seeds*, 28 W. Va. 112. It is not essential to our conclusion, that we should adopt this rule in its application to both lost and fraudulently destroyed wills, but it can not be objected by a spoliator, who has destroyed the evidence of provisions which may benefit him, that the provisions which have been proven according to law shall not be effective, and this should be especially true where it does not appear that provisions not so fully established would probably modify those provisions which are fully established.

That there was a will executed July 17, 1888, there can be no possible doubt; that Jacob Jones caused a will to be burned, after his wife died, the jury were fully authorized to find from the evidence; that it was the will so executed, was supported by evidence, both positive and circumstantial; that the will devised a life estate to Jacob Jones is proven by at least three witnesses whose evidence varies only in the expression of that interest; that the fee was devised to the appellee was the reasonable inference from, and construction of, the evidence of three witnesses. It is true that the evidence of the three witnesses does not concur as to the conditions upon which the appellee was to take the fee in the whole of the lands, one stating that the will gave Jacob Jones the option of taking the land and giving to the appellee twelve hundred dollars, a provision not remembered by any other witness. Two of the witnesses agree that the will gave the fee to the appellee upon the condition that the testa-

trix had no child which should survive Jacob Jones. There was some difference in the remembrance of the witnesses as to an additional provision of one hundred dollars for the appellee, and as to whether, in addition to the fee, the appellee was to have, with Jacob Jones, a life estate in the land. Two of the witnesses agree that in the event of a child of the testatrix surviving her husband, that child was to share equally the fee with the appellee. In considering the evidence as we have stated it, we have selected such parts of the evidence of the various witnesses as was found most favorable to the conclusions we have stated. This we understand to have been the privilege of the jury, and we are not at liberty to set up the trivial inconsistencies in the evidence of any one witness as neutralizing that which supports the verdict. We may say, therefore, that the provisions of the will as alleged in the complaint, and as returned by the jury had the united support of two witnesses whose credibility was passed upon by the jury, and is not in review in this court.

The argument is made that the evidence does not prove a search and failure to find the will, and that if it had, the legal presumption must arise that the will was destroyed by the testatrix *animo revocandi.* The theory of the case was not that the will was lost, but that it was destroyed after the death of the testatrix; search, therefore, was not consistent with that theory, and the burden was assumed by the appellee and discharged by the evidence, that the will was destroyed, not by the testatrix with the intention to revoke it, but by another.

Complaint is made that the court charged the jury that if they found any fact established by a preponderance of the evidence they should state such fact in the special verdict. It was also charged that provisions of the will

should be clearly proven by two witnesses or by a copy of the will and one witness.

It is not a just criticism of the first of said two charges that the jury were directed to find the provisions of the will upon a mere preponderance of the evidence regardless of the number of witnesses testifying thereto. The jury could not have failed to understand that while two witnesses were necessary, nevertheless it required a preponderance of the evidence, and that such facts as were so supported should be returned.

An instruction asked by the appellant, that all of the contents of the will should be proven, was modified to direct that the substantial contents of said will should be proven. This modification, in view of what we have already said, was not erroneous.

An instruction in the following language was given: "I instruct you that when witnesses are otherwise equally credible and their testimony otherwise entitled to equal weight, greater weight and credit should be given to those whose means of information were superior; and, also, to those who swear affirmatively to a fact, rather than to those who swear negatively, or to a want of knowledge or a want of recollection."

This instruction was copied from Sackett's Instructions to Juries, p. 33, and *Blizzard* v. *Applegate,* 61 Ind. 368, is cited by the author in its support.

The instruction reviewed in the case cited did not so clearly invade the province of the jury as that given by the author, yet it was held to have been improper. The weight to be given to the testimony of any witness or class of witnesses is always a question for the jury and it is never proper to charge the jury, as a matter of law, that any witness or class of witnesses shall be received with greater consideration than any other. *Woollen* v. *Whitacre,* 91 Ind. 502; *Cline* v. *Lindsey,* 110 Ind. 337;

*Durham* v. *Smith,* 120 Ind. 463; *Duvall* v. *Kenton,* 127 Ind. 178.

For the error in the charge given, the judgment of the circuit court is reversed.

DAILEY, J., did not participate in considering this appeal.

