THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES POINDEXTER, Defendant-Appellant.

(No. 58013;

First District (1st Division)—November 13, 1973.

Richard A. Siebel, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was, after a bench trial, found guilty of the theft of an electric typewriter alleged to have been owned by the Republic Packaging Corporation, of the value of $100, and was sentenced to nine months in the Cook County Jail.

On appeal, he contends *inter alia,* that the ownership of said typewriter was not established by competent evidence. We agree and reverse and remand, without reaching the other grounds urged by him.

At approximately 3:30 A.M., March 12, 1970, Officer James Gorman drove to the Republic Packaging Company building in response to a Wells Fargo burglar alarm received at police headquarters. Upon arriving, he noticed the defendant Poindexter and another named Echels emerging from the shrubbery alongside the building. Officer Gorman detained the men and radioed for assistance. While waiting for them to arrive, the two men explained that they were drinking wine in the shrubbery. When assistance arrived, Officer Gorman turned the men over

to the assisting officers and then proceeded to check the building for a possible burglary. His search revealed a broken window. Inside the building and just below the window, he found numerous pieces of office equipment including calculators, typewriters, and adding machines. Outside and just across the street from the building he noticed an unattended parked white Cadillac with its engine running and the keys in the ignition. The car had several bullet holes in its windows. There was no identification inside the car and he was unable at that time to determine the car's owner. He proceeded to remove the keys from the ignition and to use them to open and unlock the trunk. There he found an IBM typewriter. He placed the two men under arrest and advised them of their rights. Both men were charged with the theft of said typewriter.

Prior to trial, a motion to suppress was made. In addition to the facts above summarized, Lillian Porter, grandmother of Echels, identified the white Cadillac as hers and testified that her husband had given the two defendants permission to use it the night of the incident in question. The court denied the motion and both defendants pleaded not guilty and demanded a jury trial.

When the case was subsequently called for trial, both parties waived jury trial. The judge carefully explained to each defendant his right to have 12 citizens decide his guilt or innocence but the defendant Echels, through his attorney, and the defendant Poindexter, himself expressly asked that the court hear the case, after which the trial was delayed while the Public Defender talked further to his clients.

At the trial, John Carmody testified that he was Manager of Design and Development for the Republic Packaging Corporation; that, after the incident in question, he went to its office, where he saw Sgt. Gorman and a man from Wells Fargo; that he found five or six typewriters, two or three adding machines and two or three calculators stacked under the broken window; that he then went to the police station where he observed People's Exhibit No. 1 for identification, being an IBM electric typewriter; and that he personally checked the serial number of that typewriter against a bill of sale for that typewriter and found that the numbers on said typewriter matched those on the bill of sale. The defendant's counsel objected on the ground that the bill of sale itself should be produced and that the witness' statement concerning the matching of the numbers was but a conclusion. The objection was overruled and the typewriter was admitted into evidence.

After Sgt. Gorman had testified as above summarized, the defendant Poindexter took the stand and testified that he was waiting for a bus at about 3:30 on the morning when Echels picked him up in a white

Cadillac; that he was only a passenger and did not drive; that he and Echels were drinking wine alongside the building when they saw an officer coming and threw the bottles down; that he did not go inside the building, did not take anything outside the building or help anyone else do so and that he did not put the typewriter in the rear trunk of the car; and that, when questioned he denied so doing.

The court found both men guilty and Poindexter, who had three prior convictions of theft and one attempted burglary, was sentenced to nine months in jail. Motions for a new trial and in arrest of judgment were denied and Poindexter appealed.

We shall limit our consideration to the question of whether or not the ownership of the IBM electric typewriter was proved by competent evidence.

In IV Wigmore on Evidence, Chadbourn Revision, in the introduction to § 1177, at 406 (1972), it is said:

> "The first to be considered of the rules of auxiliary probative policy is the rule requiring that a writing be produced in its original text, instead of evidencing it by somebody's testimony to its contents. * * *"

In 20 Am. Jur. *Evidence*, §§ 403, 406, 407, at 364, 366—7, 407, it is said, in pertinent parts:

> "§ 403. Generally.—It is an elementary principle of the law of evidence that the best evidence of which the case in its nature is susceptible and which is within the power of the party to produce, or is capable of being produced, must always be adduced in proof of every disputed fact. Secondary evidence is never admissible unless it is made manifest that the primary evidence is unavailable, as where it is shown that it has been lost or destroyed, is beyond the jurisdiction of the court, or is in the hands of the opposite party who, on due notice, fails to produce it.
>
> * * *
>
> § 406. Of Matters Incorporated or Recorded in Writings.— Where proof is to be made of some fact which is recorded in a writing, the best evidence of the contents of the writing consists in the actual production of the document itself. Any proof of a lower degree is secondary evidence which will be received as proof only where nonproduction of the writing is properly accounted for. The contents of a written instrument may not, as a general rule, be proved by parol, unless the failure to produce the paper itself is accounted for. The principle is controlling in every case wherein it is sought to prove the contents of written instruments of any kind whatsoever.

* * *

§ 407. **Private Writings.**—The principle requiring the production of an instrument to prove its contents is not restricted to public documents and writings; it applies with equal force where the instrument to be proved is of a private character. Where the contents of such a writing are in issue, the instrument itself is the best evidence thereof, and the writing must be produced or its absence must be legally accounted for and excused.   * * *."

In 32A C.J.S. *Evidence,* §§ 777, 799, at 93, 131, it is said:

"The rule of evidence commonly known as 'the best evidence rule' is that the highest degree of proof of which the case from its nature is suspectible must, if accessible, be produced; or, in other words, that no evidence shall be received which presupposes that the party who offers it can obtain better evidence.

* * *

Where the title to personal property is in issue, and it appears that the title is evidenced by a bill of sale or other similar written instrument, it is generally held that the writing is the best evidence, and parol evidence is not admissible unless the instrument is lost or its absence is otherwise satisfactorily explained. There is, however, authority to the effect that title to personalty can be shown by parol, even though there is a writing, not produced, evidencing the same fact, at least where the title is not a matter of record, or where the witness bases his statement on his own knowledge, and the written evidence consists merely of entries made by him from such knowledge."

This is good Illinois law.

In *Rawson v. Curtiss* (1858), 19 Ill. 456, a witness testified that he saw a "letter of credit" and testified as to the substance of its contents, although the letter itself was never produced nor the failure to do so explained. The trial court excluded the testimony as to the contents of the letter but refused to exclude that part of his testimony which described it as a "letter of credit." In reversing, our Supreme Court, at page 473, said:

"The court permitted the witness to give this character to a paper which was not produced, and its non-production unaccounted for, violating that familiar rule of evidence that the contents of a writing can not be shown by parol, unless notice to produce it has been given and disregarded, or that it is lost or destroyed."

In *Sullivan v. People* (1903), 108 Ill.App. 328, the defendant was charged with conspiracy to bribe jurors and there was testimony as to

the contents of a letter allegedly written by the defendant to a Mrs. McGuirk, who was not charged. The letter itself was not produced nor was the failure to do so explained. In reversing, the court, at pages 340-341, said:

> "* *. * In *Anderson v. Irwin*, 101 Ill. 411, 414, the court say: 'Thus it is a familiar rule that no evidence will be received of a fact which, from its very nature, shows there is better evidence of such fact, without first satisfactorily accounting for the absence of the higher order of evidence; or, more briefly, the law requires in proof of a fact the best attainable evidence.'
>
> * * *
>
> Such being the rule in civil cases, no reason is perceived why it should be relaxed in a criminal case in which the defendant's liberty is involved."

In the case at bar, the only testimony as to the ownership of the typewriter, which the police removed from the white Cadillac, was that of the Manager of Design and Development for the Republic Packaging Corporation, who testified that the serial numbers on said typewriter matched those on a bill of sale he had seen at its office. This was objected to as being a mere conclusion of the witness and as not being the best evidence but the trial court overruled the objection and the typewriter was admitted into evidence.

The original of the bill of sale was never produced nor was the failure to produce it explained. And this sole witness apparently had no independent knowledge of the ownership or prior possession or use of the typewriter. The ownership of the typewriter could easily have been proved, without reference to the bill of sale, by the testimony of a secretary who had used it, or by an inventory showing it to have been on hand before the incident here involved, etc., but the prosecution took no such care in putting it in its case.

As is said, in 20 Am. Jur. *Evidence*, § 237, at 233:

> "§ 237.—Personal Property.—As a general rule, proof of the possession of personal property is *prima facie* evidence of title or is said to raise a presumption of ownership, which may be rebutted or overcome by evidence of ownership in another
> * * *."

In *Barnes v. People* (1856), 18 Ill. 52, our Supreme Court, at page 53, said:

> "The same general evidence of property is admissible and as sufficient in criminal as in civil cases. Possession, with general acts of ownership over the horse, such as riding to the hotel, and putting up as a guest, are sufficient to warrant the verdict, where

there is no evidence offered to rebut or contradict the right of property. * * *."

We therefore hold that the ownership of the typewriter was not proved by competent evidence and reverse and remand for a new trial.

The other grounds urged upon us for reversal are predicated upon testimony, trial tactics and rulings which may not recur on a retrial and we therefore do not pass upon them.

Judgment reversed and cause remanded for a new trial.

BURKE, P. J., and EGAN, J., concur.