GEORGE SPARHAWK *vs.* ELISHA D. SPARHAWK & others.

An heir at law, who is disinherited, is a competent witness in support of the will.

APPEAL from a decree of the judge of probate, disallowing an instrument offered for probate as the will of Catherine S. Cole.

It was agreed that Mrs. Cole, at the times of the execution of this instrument and of her death had no father, mother, husband or children living; that she died possessed of considerable property; that Edward Sparhawk, one of the three attesting witnesses, was her brother and an heir at law, and that the instrument contained no devise or bequest to him, but gave nearly all the property to his son. The question whether he was a competent attesting witness was reserved by *Gray*, J. for the determination of the whole court.

*H. W. Paine & J. P. Converse*, for the executor, cited Gen. Sts. *c.* 92, § 6; *Haven* v. *Hilliard*, 23 Pick. 10; *Hawes* v. *Humphrey*, 9 Pick. 350; *Smith* v. *Blackham*, 1 Salk. 283; *Clark*

v. *Vorce*, 19 Wend. 232; 1 Greenl. Ev. §§ 386–390, and cases cited.

*C. Robinson, Jr.*, (*J. Rutter* with him,) for the heirs at law.

BIGELOW, C. J. The provisions of Gen. Sts. *c.* 131, §§ 13, 14, abolishing the disqualification of witnesses on the ground of infamy and interest, and permitting parties to the record in all civil actions and proceedings to testify, do not apply to attesting witnesses to wills or codicils. By § 15 these are specially excepted from the operation of the two preceding sections. We must therefore have recourse to the well settled rules of the common law, as they existed prior to the enactment of the above cited provisions, in order to determine whether a witness to a will is competent as a subscribing witness at the time of the attestation of the instrument and its execution by the testator. It is to be borne in mind that the question to be determined in this case is not whether the witness objected to at the trial was competent to give evidence in the case, but whether he was competent according to the rules of the common law to act as a subscribing witness. If he was, then the will was duly attested; but if he was not, then the will cannot be admitted to probate, because it was not subscribed in the presence of the testator by three competent witnesses.

The much vexed question as to the true construction of the words "credible witnesses" in the English statute of wills was early settled by this court, in *Amory* v. *Fellowes*, 5 Mass. 219, 229, in which it was held that the word "credible" was used as equivalent to "competent," and that a witness was admissible to prove the execution of a will "whom the law will trust to testify to a jury." This construction was confirmed by severa. subsequent decisions; *Sears* v. *Dillingham*, 12 Mass. 358, 361, *Hawes* v. *Humphrey*, 9 Pick. 350, 356; *Haven* v. *Hilliard*, 23 Pick. 10, 17; and was incorporated into Rev. Sts. *c.* 62, § 6, by changing the phrase "credible witnesses" into "competent witnesses." Rep. of Com. on Rev. Sts. *c.* 62, § 4. The sam. phraseology is contained in Gen. Sts. *c.* 92, § 6.

There can be no doubt that these words have a "peculiar and appropriate meaning in the law," and that in interpreting them

it is our duty to give them that meaning. This is the rule of exposition prescribed in Rev. Sts. *c.* 2, § 6, and Gen. Sts. *c.* 3, § 7. A competent witness, according to legal intendment, is one who is entitled to be examined in a court of justice, and of whose credibility the court and jury are by the well settled rules of law permitted to judge. He must be so situated, in respect to the issue depending between parties to a cause or proceeding, or to the particular fact concerning which he is called to testify, and must have such sense of the obligation of an oath, as to come within the class of persons whom the common law deems it safe and wise to admit to give testimony in judicial investigations. In general, if a witness is not wanting in religious belief, if he has not been rendered infamous by conviction of crime, and has no pecuniary interest in the event of the suit in which he is called to testify, he is admissible and competent as a witness. There are no other tests by which, under the rules of the common law, a court can determine whether a witness is to be excluded or admitted, and, so far as we know, no other have ever been applied in any of the cases which have arisen under the statute regulating the attestation of wills. Certainly, in all of those which have heretofore been decided by this court, the struggle has been whether the witness had at the time of attestation such pecuniary interest in the event of the suit as to be then disqualified as a witness to testify concerning the signing of the will by the testator, according to the established rule of evidence at common law, as recognized and acted on in courts of justice.

Applying this rule to the facts agreed in the present case concerning the situation and relation of the attesting witness, we are unable to see any valid ground of objection to his competency. It is conceded that he was one of the heirs at law of the testatrix, and, if she had died intestate, he would have been entitled to one fourth part of her estate. It is also agreed that by her last will the testatrix devised and bequeathed the larger part of her estate to the son of the attesting witness, and made no devise or bequest whatever to the latter. It is very clear, therefore, that the pecuniary interest of the witness would be

promoted by a failure to prove the due attestation of the will, and that his testimony in support of it would operate directly against this interest. It is contended, however, that the fact that he was the heir at law of the testatrix, and in the event of intestacy that he would be entitled to a distributive share of the estate of his sister, gave him an interest in the subject matter. In a certain sense this is true. He had an interest in the question whether his sister should die testate or intestate, because on this contingency depended his own claim to share in her estate. But the insuperable difficulty in the way of holding this fact to be a disqualification of him as a witness is, that by the rule of law interest of itself, without regard to its nature or bearing on the issue, never operated to exclude a witness from giving evidence. It is only when the pecuniary interest of a person will in some way and to some appreciable extent be aided or promoted by a judgment or decree in favor of the party calling him, that he is excluded from testifying, according to the rule of the common law. So plain is this, that it is said by Professor Greenleaf in 1 Greenl. Ev. § 410, that " it is hardly necessary to observe, that when a witness is produced to testify against his interest, the rule that interest disqualifies does not apply, and the witness is competent." Nor is this all. Not only does such an interest not disqualify a witness, but it is always deemed to be a circumstance legitimately entitled to great weight in judging of the credibility of a witness, that he is called to testify adversely to his own interest. This rule of the common law which excludes a witness from giving evidence in favor of his own interest is said to be founded on the close and intimate connection which experience has shown to exist between the situation of a witness and the truth or falsity of his testimony. The common law rejected the evidence of persons called to testify in support of their interest, not because persons so situated might not sometimes state the truth, but because a long acquaintance with and familiar knowledge of proceedings in courts had shown that men were subject to be greatly swayed and influenced in their testimony by having a private pecuniary interest in the favorable result of a cause which they were called to support by their

evidence; and that, if allowed to give testimony in such cases, it would tend to the commission of perjury, and to mislead rather than to guide juries in the investigation of truth. It is obvious that the reason on which the rule is founded has no application where the testimony which a witness is called to give will operate to the prejudice of his rights or interest, or in no way tend to promote them.

Nor can we see any greater difficulty in applying the ordinary rule of exclusion on the ground of interest to an attesting witness to a will than to one who is called to testify in the trial of an action at law. In the latter case the test of competency is, whether the witness will gain by a decision of the case in favor of the party who offers him as a witness. It does not depend on the nature of his evidence or the facts to which he is expected to be a witness. The question is not whether he shall be permitted to give a certain kind of evidence, or to testify to particular facts and not to others, but whether he can be admitted to testify at all. So in case of the attestation of a will. The competency of the witness is to be settled by his situation at the time of attestation, with respect to the subject matter and the contents of the will. The question is not whether he will testify in support of or adversely to the establishment of the will, but whether his situation and relation to the testator or testatrix, and the disposition of the property by the will, were such, when the will was made, that he can be admitted to testify at all. Nor is it at all material to the question of competency that the contents of the will were unknown to the witness at the time of attestation. The law does not look to the consciousness or knowledge of a party to ascertain whether he is competent to testify. It is the fact of a present existing interest which disqualifies. If this exists, the witness is incompetent; if no interest is shown, then he is competent, irrespective of his knowledge of an absence of interest in the subject matter in controversy. If, by the terms of the will, its admission to probate would operate favorably to his interests, he is incompetent to attest the execution of the instrument. He then has a direct pecuniary interest in the proof of the fact to which he is called to bear witness.

The principles of law regulating the competency of attesting witnesses to wills are correctly stated in *Haven* v. *Hilliard, ubi supra.* It is true that in giving an exposition of the provisions of a statute affecting the validity of the attestation in that case, certain illustrations were used by the court which seem to give countenance to the doctrine that a witness to the execution of a will may be incompetent even where his interest was adverse to its establishment and validity. But the case itself shows that no point concerning the competency of witnesses so situated was there raised, and that the language of the court, though liable to misapprehension, was not intended as a decision of that question. Certainly so far as it seems to support the proposition that an heir at law, who is disinherited in whole or in part by a will, is incompetent as an attesting witness, the case is contrary to well settled principles, and must be overruled.

*Case to stand for trial.*