*In re* Will of George Delavergne.—(H. E. DELAVERGNE, Appellant, *vs.* ISAAC N. MINER, Exr. Appellee.)

*Opinion filed October 28, 1913.*

1. WILLS—*competency of attesting witness is tested as of the time of attestation.* The competency of an attesting witness to a will is to be tested by the facts existing at the time of attestation, and if he is then competent any subsequent incompetency will not prevent the probate of the will.

2. SAME—*attesting witness not rendered incompetent by purchasing interest of devisee.* One who is a competent attesting witness at the time of attestation is not rendered incompetent by purchasing the interest of a devisee after the testator's death and before the will is probated, but the acquiring of such an interest may be shown for the purpose of affecting his credibility.

APPEAL from the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

CLIFFE & CLIFFE, for appellant.

H. S. EARLEY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

On the 9th day of April, 1912, an order was entered in the county court of DeKalb county admitting the will of George Delavergne to probate upon petition filed by Alice Fleming for re-probate of the will. From the order admit-

ting the will to probate H. E. Delavergne appealed to the circuit court of said county. In the circuit court his objections were overruled. The will disposes of both real and personal property. To reverse the judgment of the circuit court overruling the objections and admitting the will to probate Delavergne has prosecuted an appeal direct to this court.

The will was executed on the 7th day of June, 1909, and the testator died five days later. The attesting witnesses to the will were W. R. Moon and W. H. Anderson. No objection is made to the competency of the attesting witnesses at the time the will was executed. The testator left no widow and no child or other lineal descendants, but left as his only surviving heirs-at-law a sister, Mary Roberts, and certain nephews and nieces. By his will the testator bequeathed Mary Roberts and Georgeana Wogan each $800 and devised all of the residue and remainder of his estate to Franklin Poust. After the death of the testator, but before the will was admitted to probate, Franklin Poust and Mary Roberts, for a valuable consideration, conveyed and assigned all of their right, title and interest accruing under the will to W. H. Anderson, one of the attesting witnesses to the will. The sole question presented for our determination is whether the interest thus acquired by Anderson in the estate of the testator renders him an incompetent witness to the will.

Section 2 of our Statute of Wills requires that the will shall be in writing and signed by the testator or by someone in his presence and by his direction, and "attested in the presence of the testator or testatrix by two or more credible witnesses." The fifth section of the English Statute of Frauds required attesting witnesses to a will to be "credible witnesses," and these words are held to mean competent witnesses. (1 Jarman on Wills, 77.) The same construction has been generally given to these words in stat-

utes relating to the execution of wills. (*In the matter of Noble*, 124 Ill. 266.) Attesting witnesses are regarded, in law, as persons placed around the testator in order that no fraud may be practiced upon him in the execution of the will and to judge of his capacity. (2 Greenleaf on Evidence, sec. 691; 1 Redfield on Wills, 257.) The competency of an attesting witness to a will is to be tested by the facts existing at the time of attestation. If then competent, any subsequent incompetency will not prevent the probate of the will, and if then incompetent, subsequently acquired competency will not validate the will. Gardner on Wills, 225; *Fisher* v. *Spence*, 150 Ill. 253; *Slingloff* v. *Bruner*, 174 id. 561; *Johnson* v. *Johnson*, 187 id. 86.

Under the above authorities the question presented by this record cannot be regarded as an open one in this State. To hold that a witness who was competent at the time of attestation could be rendered incompetent, after the death of the testator, by acquiring some disqualifying interest in the estate, would be to establish an easy method by which wills could be nullified by inducing the witness to acquire or accept some interest in the estate. While an interest thus acquired cannot be held to render the witness incompetent, still such interest may be shown for the purpose of affecting the weight to be given to the testimony of such witness. We have held that the conviction of one of the attesting witnesses of a felony subsequent to the attestation of the will but before the probate thereof might be shown for the purpose of affecting the credibility of the witness but that such conviction did not render him incompetent under the statute. *In the matter of Noble, supra.*

There was no error in overruling the objections to the competency of the witness Anderson.

The judgment of the circuit court of DeKalb county is affirmed.

*Judgment affirmed.*