In re Estate of Julia Cohen, Deceased.
Appeal of Rose London et al., Appellants, v. Douglas
Park Day and Night Nursery et al., Appellees.

Gen. No. 37,817.

Opinion
filed April 10, 1935.

HERSHENSON & HERSHENSON, of Chicago, for appellants.

PINES & STEIN, of Chicago, for appellees; CLARENCE
T. MORSE and DAVID E. BEBER, both of Chicago, of
counsel.

MR. JUSTICE WILSON delivered the opinion of the
court.

The will of Julia Cohen was admitted to probate in
the probate court of this county November 29, 1932.
An appeal from the order admitting the will to probate
was taken to the circuit court of Cook county and an
order was again entered in that court admitting the
will and testament to probate, from which order this
appeal has been prayed.

There is but one question raised, namely, whether
or not Raymond Kelner was a competent witness for
the purpose of proving the execution of the will in the
probate court at the time it was offered for probate.

The will contains a provision whereby the executor named in the will is specifically instructed as executor to employ and retain Raymond Kelner as his attorney to assist in the administration of the estate. The attestation clause contains the signature of Raymond Kelner as a witness to the making of the will.

It is insisted as ground for reversal that Kelner, by reason of the provision of the will directing that he be appointed as attorney for the executor, became a party in interest and as such disqualified as a witness. Under the statute as it was originally enacted, it may be that he would have been incompetent inasmuch as he would have gained or lost financially as a direct result of the establishing of the instrument as a will. In order to obviate the resultant failure of a testator to convey his property as he saw fit, because of the fact that some witness to the will would acquire a financial interest thereunder, section 8 of chapter 148, Cahill's Illinois Revised Statutes, 1933, was enacted, under which such a witness was competent to testify, but was required by so doing to relinquish his or her interest under the will, except in so far as he would be entitled to take by law. The Supreme Court of this State has defined the law and the relative rights of the parties thereunder in the case of *Scott v. O'Connor-Couch,* 271 Ill. 395, wherein it said:

"In the revision of 1872 a provision of the Revised Statutes of 1845 was brought forward as section 8 of the Statute of Wills. It removed the incompetency of a witness to the execution of a will to whom any beneficial devise, legacy or interest was made or given by the will, and provided that such witness should be compellable to appear and give testimony on the residue of the will in like manner as if no such devise or bequest had been made, but the devise, legacy or interest was declared to be null and void unless the will had been duly attested by a sufficient number of witnesses exclusive of such person, saving, however, to the wit-

ness any share of the testator's estate not exceeding the value of the devise or bequest to which the witness would have been entitled if the will was not established. That section of the Statute of Wills was regarded by this court as remedial and its purpose and effect were explained in *Jones v. Grieser*, 238 Ill. 183.''

We gather from the record in the case before us that the testimony of Kelner was necessary to establish the will and that by testifying as a witness he would be precluded from receiving any financial remuneration thereunder. This inhibition placed upon Kelner by the statute would properly be enforceable in the probate court of Cook county.

We are of the opinion that the order of the circuit court was correct and it is, therefore, affirmed.

*Order affirmed.*

HEBEL, P. J., and HALL, J., concur.