In the Matter of Estate of Alice Garner, Deceased.
Lucille Pumphrey, a/k/a Lucille Humphrey, Appellee,
v. Cornelia Jackson et al., Appellants.

Gen. No. 46,619.

First District, Second Division.
November 22, 1955.
Released for publication December 14, 1955.

Levi H. Morris, and Moore, Ming & Leighton, all of Chicago, for appellants; William R. Ming, Jr., and George N. Leighton, both of Chicago, of counsel.

Rufus Sampson, of Chicago, for appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The Probate Court of Cook County refused to admit to probate an instrument dated March 17, 1953 purporting to be the last will and testament of Alice Garner, deceased. An appeal was taken to the Circuit Court, and on a hearing de novo an order was entered remanding the cause to the Probate Court with directions to admit the instrument to probate as the last will and testament of Alice Garner. From that order this appeal is taken, the contestants in the Circuit Court, the appellants here, contending that the trial court erred in acting without sufficient evidence to prove that the document had been executed in accordance with the statute.

On September 28, 1953 Horace E. Galloway, an attorney, filed a petition in the Probate Court of Cook County to admit to probate a document propounded as the last will and testament of Alice Garner, deceased. The attesting witnesses were Horace E. Galloway and Margaret J. Finch, who at the time of the hearing in the Probate Court was the wife of Horace E. Galloway. Both testified at the hearing. The Probate Court refused to admit the document to probate.

From the evidence taken on the hearing in the Circuit Court it appeared that on November 4, 1952 Horace E. Galloway, at the request of Alice Garner, prepared a will for her, and he and Cornelia Jackson, a sister of Alice Garner, witnessed its execution. Sometime later, someone other than Alice Garner deleted the signature of Cornelia Jackson. On March 17, 1953, at the home of Alice Garner, Horace E. Galloway and Margaret J. Finch were present. On that date Mr. Galloway changed the date on the instrument from November 4, 1952, to March 17, 1953, and Alice Garner and Mr. Galloway retraced their signatures. Alice Garner, who was of testamentary capacity, acknowledged that she had signed the instrument and requested Miss Finch to sign as a witness, which she did. Five days later Miss Finch, who at the time was

43

the secretary of Mr. Galloway, was married to him. In the original will as drawn there was incorporated a request that Mr. Galloway be retained as attorney for the estate. Mr. Galloway appeared as the attorney for the proponents of the will before the Probate Court, but withdrew as attorney, and the proponents were represented by other counsel before the Circuit Court.

 Under the statute, in an appeal to the Circuit Court from an order of the Probate Court refusing to admit a purported will to probate, there is a trial de novo, and it is competent for the proponent to support the will by evidence other than the testimony of the subscribing witnesses; and if the proponent establishes the will by sufficient competent evidence it is further provided in the statute that "it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will" (Ill. Rev. Stat. chap. 3, par. 223 [Jones Ill. Stats. Ann. 110.320]). It has further been held that the right given to the contestant to offer evidence of fraud, forgery, compulsion, or other improper conduct (the only evidence which the contestant is permitted to offer) was limited to proof of some trick or device by which a person may be induced to sign a paper under the impression that it is something else, or to the alteration of the will after it was signed, or the substitution of another paper for part of the will after it had been signed, and matters of like character. Bley v. Luebeck, 377 Ill. 50; Swirski v. Darlington, 369 Ill. 188; Buerger v. Buerger, 317 Ill. 401; Oliver v. Oliver, 313 Ill. 612; Stuke v. Glaser, 223 Ill. 316.

 It is contended by the defendants that the testimony of Horace E. Galloway and Mrs. Galloway was conflicting. Mr. Galloway testified that on March 17, 1953, both he and Alice Garner retraced their signatures and afterward he handed the document to Miss

Finch to sign. Miss Finch stated that she did not see either Mr. Galloway or Alice Garner sign the instrument. An examination of the record does not indicate such discrepancy as to any material matter which might cause the court to reject the evidence of either of the witnesses. The will in the instant case contained a full and formal attestation clause. There was no dispute as to the genuineness of the signature of the testator. In Rupp v. Jones, 289 Ill. 596, it was held that under such circumstances the fact that the witnesses did not remember seeing the testator sign the will nor recollect that he acknowledged it to be his act and deed does not preclude the probate of the will. In In re Estate of Elkerton, 380 Ill. 394, the court says: "It is not unusual for attesting witnesses, when called to testify as to the execution of a will, not to be able to remember all that occurred at the time of the execution or as to what they saw of the will or of the signature of the testator or testatrix thereto." Here the testimony of the subscribing witnesses is not inherently improbable nor conflicting; nor was their conduct of such a nature as would discredit their whole testimony. The attesting witnesses testified that the testatrix did acknowledge that she had signed the instrument which they were then signing as witnesses. The judge in the trial court who heard the testimony of the witnesses was in a better position than is this court to determine whether or not the testimony of the witnesses before him was true. He heard and saw the witnesses. From the record before us the trial court was not in error in accepting their testimony. Under our law there is no requirement that the attesting witnesses should witness the will in the presence of each other. Flinn v. Owen, 58 Ill. 111.

■ Mr. Galloway, one of the attesting witnesses, was by the terms of the will designated as attorney for the executor, and he appeared as attorney for the proponents of the will in the Probate Court. The defend-

ants insist that he therefore should be disqualified as a witness. Mr. Galloway did not appear as attorney for the proponents of the will before the Circuit Court, and under the law he would not be disqualified as an attesting witness, but he would not be permitted to receive any financial remuneration by reason of the will. In re Estate of Cohen, 279 Ill. App. 605.

■ The defendants argue that they were prevented by the trial court from showing fraud. It appears from the record that the defendants before the trial court called as witnesses Cornelia Jackson and James Hutchinson, a sister and brother of the testatrix. Questions were asked them concerning the events of November 4, 1952, which, on objection, were excluded by the trial court. At the time, counsel for the defendants stated that he wished to show fraud. The court asked him what the fraud was, and counsel stated that he did not wish to say. Since no offer of proof was made, the matter is not properly before us. Grosh v. Acom, 325 Ill. 474, 490; Chicago City Ry. Co. v. Carroll, 206 Ill. 318.

■ The defendants also contend that the testimony of Horace Galloway in the Circuit Court differed from his testimony before the Probate Court. On examination he explained the discrepancies and his explanation was accepted by the trial court. In so doing the trial court did not err.

■ ■ The defendants attempted to impeach the testimony of Miss Finch by calling her attention to certain alleged contradictory statements made by her in her testimony before the Probate Court. She stated that she did not remember whether or not she made such statements. It is not apparent from the record that the transcript of the testimony taken before the Probate Court was introduced in evidence, and it is not included in the record before us. There is no question that the testimony of a subscribing witness to a will may be impeached the same as the testimony of other

witnesses, by showing contradictory statements made at another time (Craig v. Wismar, 310 Ill. 262), but in order to perfect such impeachment the contradictory statements must be introduced, and unless they are, there is no impeachment. Here they are not in evidence. The statute relating to the manner of the execution of wills is mandatory and must be complied with. The only inquiry before the Circuit Court was the proper execution of the will under the statute. The Circuit Court found that the will had been established by a preponderance of the evidence. We find no error in the record. The order of the Circuit Court of Cook County is sustained.

Affirmed.

ROBSON and SCHWARTZ, JJ., concur.