WILL OF HENDERSON: HENDERSON and another, Appellants, vs. HUEVLER, Respondent.

*January 13—February 7, 1956.*

For the appellants there was a brief and oral argument by *Don F. Meloy* of Madison.

For the respondent there was a brief by *Hayes & Hayes* of Milwaukee, and oral argument by *Hanlin J. Hayes.*

FAIRCHILD, C. J. The evidence amply sustains the findings of the trial court and warrants the decree which was entered. The principal objections, aside from the personal disappointment, may be found in paragraph 4 of the will. It reads:

"4. I hereby nominate and appoint Raymond A. Huevler of Milwaukee, Wisconsin, attorney at law, as executor of this, my last will and testament, and I direct that he shall be paid the sum of two hundred dollars for his services but shall not be required to give bond."

The claim of the objectors is that the named executor, who was an attesting witness, was, by the provisions set forth, disabled as a witness, and that, therefore, the will was not duly executed, published, and declared. They also argue that, while by virtue of sec. 238.08, Stats., the executor is not disqualified, that still the beneficial interest of the said executor renders him incompetent as a witness, and urge that, "While it is well settled that an attorney at law may be a competent attesting witness to a will he has drafted, the rule has not yet been extended to cover the case where he has numerous other beneficial interests in the will itself." We find nothing in the record to disqualify in any particular

Huevler as a competent witness. Naming him as an executor was proper, and the naming of him as executor, if he accepts, carries with it compensation for the service that he will render in administering the affairs of the estate. There is nothing in any devise or bequest to suggest a multiplicity of interests created in Huevler. The size of the estate is such that, under the rules governing in such cases, his compensation would more than equal the amount to which the testator desired to limit him if he acts as executor.

The law in this particular is so well settled that we will do nothing more than refer to the cases which the court had in mind when it rendered its decision, such as *Estate of Ogg*, 262 Wis. 181, 54 N. W. (2d) 175; *Estate of Johnson*, 170 Wis. 436, 175 N. W. 917; *Will of Draheim*, 267 Wis. 382, 66 N. W. (2d) 172. The court reached the proper decision in making the ruling it did.

*By the Court.*—The judgment is affirmed, and the matter remanded for further proceedings according to law.