352 P.2d 652

In the Matter of the Last WILL and Testament of John Minor Botts HOXSEY, Deceased.

Marjorie P. HOXSEY, Executrix, Appellant,

v.

Reese P. FULLERTON, Appellee.

No. 6561.

Supreme Court of New Mexico.

Feb. 8, 1960.

Rehearing Denied June 15, 1960.

W. R. Kegel, Santa Fe, for appellant.

John W. Chapman, Santa Fe, for appellee.

McGHEE, Chief Justice.

The appellant executrix brings this appeal in an attempt to at least get a reduction in the amount awarded the appellee for attorney fees for work done in probating the last will and testament of Hoxsey.

The will named Mr. Fullerton as attorney to handle the probate proceedings and was left in his custody by the testator. Upon the death of the latter, Fullerton instituted the proceedings without the direction of the executrix. He continued to act as attorney with the acquiescence of the executrix, Mrs. Hoxsey, until differences arose between them.

On March 5, 1958, she wrote to Fullerton in her capacity as executrix that he was discharged as her attorney. Her present attorney, Walter R. Kegel, entered his appearance as attorney for the executrix on March 7, 1958, and wrote to Fullerton on March 14, 1958, advising of his having been retained by the executrix in the matter of her late husband's estate, and asking that the file in the matter be turned over to him, and again on March 24, 1958, making a similar request. To these letters Fullerton replied that he was aware of Kegel's retainer to represent Mrs. Hoxsey but that as he, Fullerton, was attorney for the estate he could not turn over the files; that they might be inspected in his office but could not be removed therefrom.

There were additional requests by Kegel and Mrs. Hoxsey for return of the files but such were refused by Fullerton. The case was removed to the district court on April 11, 1958, and on June 19, 1958, a motion was filed by the executrix to force Fullerton to turn over the files in his possession. At the hearing on this motion it was treated by the trial court as the application of the executrix for a change of attorney and an order was entered on August 4, 1958, removing Fullerton as such attorney and substituting Walter R. Kegel as attorney for the executrix in her capacity as such. The order bears a notation reading:

"O.K. as to form. Executrix excepts to any holding that respondent acted as her attorney subsequent to 3/5/58.

"W. R. Kegel for Executrix"

On the same day the executrix filed her motion to require Fullerton to turn over the files to her, he filed a motion as "Attorney for the Estate" to have his attorney's fees determined and that the executrix be ordered to sell certain stocks belonging to the estate in order that the estate might soon be closed.

This motion was heard on September 24, 1958, and on November 21, 1958, the trial court filed its findings of fact and a conclusion, reading:

"1. That under the provisions of the will of the deceased, it was directed that Reese P. Fullerton be employed as attorney for the estate.

"2. That after the death of the decedent, said attorney proceeded to act on behalf of the estate and the Executrix for a period and conducted the necessary probate proceedings without objection until March 4, 1958; that on March 4, 1958, the widow, as Executrix, advised Mr. Fullerton that he was discharged; however, the said attorney refused to recognize such discharge and acted until August 4, 1958, at which time the Court directed that the attorney should be discharged.

"3. That during the period between March 4, 1958, and August 4, 1958, Mr. Fullerton prepared some of the documents and returns for taxes, although at least the Federal return will have to be redone.

"4. That it would appear from the evidence that approximately fifty per cent of the total of the legal services required for the closing of the estate have been completed.

### Conclusions of Law

"From the foregoing findings of fact, the Court concludes as matters of law:

"1. That Reese P. Fullerton is entitled to fifty per cent (50%) of attorneys fee allowable by law."

At the opening of the hearing to set attorney fees the following occurred between the attorney for Mr. Fullerton and the trial court:

"Mr. Chapman: But I think we can expedite this by putting Mr. Fullerton on the witness stand and have him state to the Court the work involved that was performed by him and the responsibilities that were accepted, but as we mentioned at the former hearing, it is our position that probably the Court should determine, first, the entire amount of attorneys fees that would be proper in this case. Before we try to establish a quantum *merit* value for Mr. Fullerton. It is a matter which both Mr. Kegel and Mr. Fullerton would be interested in. So I would like to ask the Court if the Court is prepared to say what the entire fee should be.

"Court: Well, the Court would state as a matter for the record that unless some other showing is made, that in all probability the statutory fee would be allowed, whatever the statutory fee is.

"Mr. Chapman: I can state that approximately, the statutory fee would be $8,075.00.

"Court: Well, as the Court stated, in the absence of some other showing, it would not be above that, and I think probably by statute that would be the fixed amount.

"Mr. Chapman: Then, if it please the Court, I will call Mr. Fullerton."

The amount awarded Mr. Fullerton was an amount equal to one-half of the amount

which would be due as attorney fees for conducting the entire proceedings under the provisions of § 31–10–1 and § 31–10–4, 1953 N.M.S.A. unless such attorney's fees were otherwise fixed by the court upon a showing of proper cause therefor.

We ·agree with the appellant that under the terms of the statute (§ 31–10–4, 1953 N.M.S.A.) and our case of In re Keel's Estate, 1933, 37 N.M. 569, 25 P.2d 806, the trial court may itself set the attorney fees having due regard for the circumstances of the particular case.

We do not read In re Winston's Will, 1936, 40 N.M. 348, 59 P.2d 904, as denying the trial court the right to fix the fee if circumstances so demand, but regard the opinion as saying a proportionate division based on work done in that case was proper.

The question for our determination on this point is whether the trial court in its final decision felt bound by the amount set in the statute without regard to what it would have set had its discretion been exercised. It is clear that at the conclusion of the testimony the trial court was of the opinion that the fee sought by Fullerton was quite excessive for the services rendered, but it felt bound by the amount named in the statute. However, some two months later when the final decision quoted above was filed there is no mention of such fact, nor is there language from which it could be inferred. As shown above, Fullerton asked for a determination of the entire fee for everything required to be done in the probate case in order that he might establish his case on a quantum meruit. He testified that at the time of the hearing he had done approximately 85% of the work required to be done for the entire case, and at the time of the notice from the executrix that he was discharged he had performed from one-third to one-half· of the work, probably nearer one-third. He repeated the one-third estimate later in his testimony.

In view of the position of the appellee at the opening of the hearing on fees that he would in effect present his claim on the basis of quantum meruit, the findings of the trial court to which we may look for the reasons for his ˌaction, and the conclusion of law that an amount which equalled one-half of the total statutory fee would be allowed, we cannot say the allowance was not based on quantum meruit to the date of the discharge by the court.

This brings us to another point raised by appellant to the effect that Fullerton was not entitled to any allowance for fees for work performed subsequent to March 5, 1958, the date he received notice of his discharge.

The appellee does not dispute the claim of appellant that the executrix had the right to discharge him even though he was named as such in the will. At the hearing he

stated he would show the amount to which he was entitled is to be based on the statutory fee on a quantum meruit basis proportioned on the work he had performed, and that he was entitled to act as attorney for the estate until his discharge by the court. Here he asserts in substance his fee had to be based on the statute and the court could not reduce it.

■ The right of executors to refuse to employ an attorney who had been named as such in a will is upheld and well set forth in Conlan v. Sullivan, 1935, 280 Ill.App. 332, with which we agree.

Until appellee's discharge on March 5, 1958, the appellant as above stated, had acquiesced in his acting as her attorney but on his discharge he was no longer authorized to act for the executrix who was the legal representative of the estate and charged with its care, and he was not entitled to act for her or to receive compensation for his work after such date.

In findings of fact Nos. 3 and 4 it is stated that during the period between March 4, 1958, and August 4, 1958, Mr. Fullerton prepared some of the documents and returns for taxes, although at least a part of the federal return would have to be done again, and that it would appear from the evidence that approximately fifty per cent of the total of the legal services required for the closing of the estate had been completed, making it apparent that the services rendered until August 4, 1958, were to be paid for by the estate.

Had the services after his discharge not been taken into consideration in fixing the fee we believe it is clear a lower amount would have been awarded.

The appellant is entitled to a new trial on the amount of compensation that should be awarded to the appellee and that he is entitled to such only for services performed prior to the date of his discharge by the executrix.

What we have said here makes it unnecessary to determine the other points raised by the appellant.

The order appealed from will be reversed and the cause remanded to the district court for further proceedings in accordance with the views expressed in this opinion, and

It is so ordered.

COMPTON and MOISE, JJ., and LUIS E. ARMIJO, District Judge, concur.

CARMODY, J., having tried the case below, not participating.