(No. 36198.—

HELEN NEUFFER BERNDTSON, Appellee, *vs.* GEORGE J. HEUBERGER, Appellant.

*Opinion filed March 29, 1961.*

HOELLEN & WILLENS, of Chicago, (SHERWIN WIL-LENS, and FLOYD B. MANILOW, of counsel,) for appellant.

EDWIN B. BERNDTSON, of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

George J. Heuberger, opponent to the probate of the will of Caroline C. Reichardt, deceased, appeals directly to this court from an order of the probate court of Cook County admitting such will to probate.

The decedent owned real estate at the time of her death and the devolution of title thereto depends on whether her death was testate or intestate. The appeal properly is taken direct to this court under section 329 of the Probate Act

(Ill. Rev. Stat. 1959, chap. 3, par. 483) and section 75 of the Civil Practice Act. Ill. Rev. Stat. 1959, chap. 110, par. 75.

Caroline C. Reichardt, the deceased, executed her purported last will on January 16, 1948, before Edwin B. Berndtson and Carl H. Schroeder, both of whom were at that time competent and credible witnesses to the will. The will was prepared and executed in the office of Edwin B. Berndtson. At the time of execution Helen Neuffer was an attorney associated with Edwin B. Berndtson. Subsequent to the date of execution of the will, the witness, Edwin B. Berndtson married Helen M. Neuffer, who was named as devisee of the decedent's real estate and nominated as executrix in such will.

George J. Heuberger, brother and sole heir-at-law of the decedent, objected to the testimony of Edwin B. Berndtson as a witness to the will at the hearing on the petition by Helen Neuffer Berndtson, the named executrix, to admit the will to probate.

After presentation of briefs, the probate court overruled the objection, admitted the will to probate, and this appeal followed.

Appellant's theory of the case is that the witness to a will, although competent as such at the time of execution, is rendered incompetent to testify thereto by virtue of his subsequent marriage to a person who takes a direct financial interest under such will. He also contends that a presumption of undue influence in the preparation and execution of a will arises and must be rebutted when the attorney who prepared and witnessed the will is associated in the practice of law with a direct beneficiary thereunder, and which direct beneficiary has represented the decedent as an attorney.

The proponent-appellee's theory is that the competency of a subscribing witness to a will is to be determined as of

the date of execution thereof, and that under the statute undue influence may not be raised in the probate court at the hearing on admission of the will to probate.

It is conceded that witness Berndtson was competent as a witness to the will at the time of its attestation. It appears to be well established in Illinois that the competency of a witness to a will is to be tested by the facts existing at the time of attestation, and a subsequent incompetency will not prevent probate of the will. (*In re Estate of Kent,* 4 Ill.2d 81; *In re Will of Delavergne,* 259 Ill. 589.) This likewise seems to be the rule at common law, (*Sparhawk* v. *Sparhawk,* 92 Mass. 155), and is recognized by various authorities. 94 CJS p. 997; II Page on Wills, Bowe-Parker Revision, 3rd ed., sec. 19.85, p. 185; I James, Illinois Probate Law and Practice, sec. 43.9, p. 426; VI Wigmore on Evidence, 3rd ed. sec. 1510(2) p. 332.

Few cases have been called to our attention or found by us involving this precise factual situation. In the case of *In re Estate of Garner,* 8 Ill. App. 2d 41, a testator's will was attested by her attorney and his secretary. Five days later the attorney married his secretary. The will contained a request that the attesting attorney be retained as attorney for the estate. The attorney and his wife both testified and the will was admitted to probate. Although such case is not authority for the precise issue here presented, we feel it is persuasive.

In the case of *Thorpe* v. *Bestwick,* 6 Queen's Bench Division, 1880-81, p. 311, a devisee under the will in question married an attesting witness after the will was executed. The opponents to the will contended that the witness was disqualified by virtue of such marriage and the devise failed. In its opinion the court stated at p. 312 as follows: "The policy of the Wills Act, 1 Vict. c. 26, in depriving the attesting witness of any legacy given by the document of bequest, is not to allow wills to be proved by the evidence of persons benefited by them, and it makes void any devise

to an attesting witness, or to his or her wife or husband. In the present case the plaintiff, at the time when the will was attested, took no benefit under it, but he subsequently married the devisee, and I am asked to hold that the result of this marriage is to destroy the validity of the devise. But there is no such provision in any part of the Act; the only section which could be referred to is s. 24, by which every will is to take effect as if it had been executed immediately before the death of the testator. This section has been commented upon and fully interpreted in *Bullock* v. *Bennett,* and it is clear that it does not apply to those benefited by the devise, but only to the property to be taken by them. There is, therefore, nothing to affect the validity of this devise."

The various cases cited by appellant are not applicable nor persuasive of the point. The only case cited by appellant involving the competency of witnesses to wills is *In re Will of Delavergne,* 259 Ill. 589, which holds as heretofore noted that the competency of an attesting witness to a will is determined by facts existing at the time of its attestation.

The precise question at a hearing on the admission to probate is not the competency of the offered witness to give evidence in a case, but whether he was competent as a witness to the will at the time of attestation. Under section 70 of the Probate Act (Ill. Rev. Stat. 1959, chap. 3, par. 222) a witness to a will can be compelled to appear and testify at the hearing on admission of the will to probate, under threat of punishment by fine or imprisonment. Such witness in testifying to execution of a will is complying with the mandatory requirements of the statute, is not testifying for or against the estate or any person claiming an interest thereunder, but is testifying as to prior acts of execution and of attestation. If subsequent incompetency of a witness affected the validity or formality of a will's execution, the testator's intent might be defeated by unforeseeable events which no precaution on his part could

prevent or avoid. It is not uncommon for competent witnesses to wills, after attestation and before probate, to become insane, infamous or otherwise disqualified, but it is well known that the handwriting of such witnesses may be proved under such circumstances and their competency as witnesses to the will is not destroyed by such subsequent disqualification. It is unreasonable to suppose that the Statute of Wills intended to specify a manner of execution and attestation of wills that could be rendered ineffectual by subsequent occurrences beyond control of the testator and we conclude that the probate court properly overruled appellant's objection to the competency of the witness.

As to the question of a presumption of undue influence and its rebuttal, section 69 of the Probate Act (Ill. Rev. Stat. 1959, chap. 3, par. 221) provides in part that "If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

At the hearing in the probate court, no evidence of fraud, forgery, compulsion or other improper conduct was offered. In *Shepherd* v. *Yokum,* 323 Ill. 328, we held that in the absence of such proof the court is required to admit a will to probate upon proof of the statutory requirements. In that case, the opponent to the will contended that the will was not entitled to probate by reason of a presumption of undue influence arising from the fact that Shepherd prepared the will, was present at its execution, and was its chief beneficiary. In concluding that such will was admissible to probate it was held that in a hearing in probate undue influence is not within the realm of inquiry and that the court has no power to make a finding or enter a judgment in respect thereto. Such ruling has been followed in *In re Estate of Ostrowski,* 3 Ill. App. 2d 431. If the probate court has no power or jurisdiction as to questions of

undue influence in the execution of a will, no presumption thereof can exist before it, but such presumptions and questions must be resolved in a court of general jurisdiction. In the absence of any proof of fraud, forgery, compulsion or other improper conduct, the probate court was required to admit the will in question to probate.

The order of the probate court of Cook County admitting the last will of Caroline C. Reichardt to probate is affirmed.

*Order affirmed.*