In the Matter of the Estate of Alvin Gabriel, Deceased. Florence Bilderbeck, Petitioner-Appellee, v. Frank Gabriel, Respondent-Appellant.

Gen. No. 10,603.

Fourth District.

May 13, 1965.

Opinion modified September 24, 1965.

Kelsey and Koval, of Carlinville, for appellant.

McGrady & Madden, of Gillespie, for appellee.

CRAVEN, J.

This is an appeal from an order of the circuit court of Macoupin County admitting a destroyed will of Alvin Gabriel, deceased, to probate and from an order setting forth the terms and conditions of said will.

Alvin Gabriel, a resident of Macoupin County, died on October 1, 1962, leaving surviving as his only heir his brother, Frank Gabriel, the respondent. After the death of Alvin Gabriel a search was made of his residence by the respondent, his wife, Mae Gabriel, and his daughter, La Verne Knecht. No will was found.

Respondent and his daughter then went to the State Bank of Shipman, Illinois, and requested to examine the contents of the decedent's safety deposit box to ascertain the existence of a will. A will was found in the box and examined by the respondent, his daughter, La Verne Knecht, and Mr. Joyce Hunt, assistant cashier of said bank. The record then indicates that the respondent delivered the will to his attorney. Later the attorney advised that the will was ineffective in that the entire estate of the deceased was devised to a predeceased sister, Lottie Gabriel. The will was returned to the respondent and subsequently was destroyed, together with other papers thought to be worthless.

The testimony of the respondent on this point was: "The way I understand it, it didn't have to be probated. The will was no good and after I got it back there was other old papers there that were no good and with that we burned it." The respondent petitioned for letters of administration and was appointed administrator. Thereafter Florence Bilderbeck filed a petition for letters testamentary, seeking probate of the destroyed will, alleging that she was therein nominated executor. The cause then proceeded on that

390

petition, the will was admitted to probate, and Florence Bilderbeck was appointed executor.

An order was entered setting forth the terms and conditions of the destroyed will. This order found that the will was duly executed before two witnesses, Frances Stadelman and D. A. McGrady, sometime after 1957; that the testator was competent. The terms of the will were found to be: that Florence Bilderbeck was given a bequest of $5,000; three bequests of $500 each to Emma Gabriel, Lula Gabriel and Lillian Bierbaum; and the balance of the estate, by a residuary provision, to Frank Gabriel.

For a determination of the issues presented, it is necessary that the evidence be examined in some detail.

D. A. McGrady, when first called as a witness for the petitioner, stated that he was acquainted with Alvin Gabriel during his lifetime, that he had done legal work for him on many occasions, and was acquainted with his sister and with three cousins who live in the Woodburn area. This witness further testified that he prepared a will for the deceased, which will was executed in the office of the witness in Bunker Hill, Illinois; Frances Stadelman and the witness attested to the will. He further testified that Florence Bilderbeck was named executor for the reason that she had taken care of the deceased's invalid sister, Lottie Gabriel. The witness was unable to supply the approximate date of execution and testified that as a matter of practice he did not make any copies of a will but only the original. He further testified that he did not see the will after the same was executed and delivered to the testator. As to the content of the will, he was only certain that Florence Bilderbeck was named executor. He expressed the opinion that his recollection could be refreshed as soon as he could find some records for which he was still searching.

Frank Gabriel testified as to his relationship to the deceased; his search for the will at the residence of the deceased; his trip to the Shipman bank and the finding of the will in the lockbox; the reading of the will at that time and his subsequent delivery of the will to his attorney, Mr. W. P. Cuthbertson; the return to him of the will and its subsequent destruction as related.

The respondent further testified that the will left all of the deceased's property to Lottie Gabriel, who had been dead for some eight years at the time of the death of Alvin Gabriel, and that Florence Bilderbeck was named executor. His recollection of the will was that D. A. McGrady was one of the witnesses; he was uncertain as to the other but expressed an opinion that it was not Frances Stadelman.

Joyce Hunt, assistant cashier at the Shipman State Bank, confirmed the testimony of Frank Gabriel as to the finding of the will in the safety deposit box, and testified that he read the will to Frank Gabriel and Mrs. Knecht and then delivered the will to Frank Gabriel. The witness testified that he was certain Mrs. Bilderbeck was not given a bequest but that she was named executor.

W. P. Cuthertson, called as a witness for the respondent, testified that Frank Gabriel contacted him after the death of Alvin Gabriel and on a later occasion delivered to him an instrument purporting to be the last will of Alvin Gabriel. He testified that Mrs. Bilderbeck was named executor and that otherwise the will provided only for the decedent's debts and expenses with a residuary clause which left the entire estate to Lottie Gabriel who had predeceased the testator. He further testified that he came to the conclusion that the will was ineffectual to devise any part of the estate of Alvin Gabriel; that there was no purpose in probating the will except to benefit the executor; and

he returned the will to Frank Gabriel and informed him that perhaps he should file the will with the county clerk. D. A. McGrady was stated to be one of the witnesses to the will; the other witness to the will was thought to be an Emma Vlasich.

Mae Gabriel testified confirming the testimony of her husband, Frank, but, in addition, related that she had read the will and that the estate "was all signed over to his sister, Lottie." La Verne Knecht offered the same testimony; in addition, she supplied the date of death of Lottie Gabriel—1955. According to her, the will named Frances Bilderbeck as executor and Lottie Gabriel as the legatee and devisee of the entire estate.

Frances Stadelman, called as a witness for the petitioner, testified that she had an insurance office in the law office of D. A. McGrady in Bunker Hill, Illinois, and had maintained such an office since 1956 or 1957; that she had witnessed a will for Alvin Gabriel after 1955. From a record book of visitors to the office, she expressed the opinion that the date was November 18, 1958, on which date Alvin Gabriel was in the office. She further stated that she did not type or prepare the will; she had no knowledge of the contents of the will.

Emma Vlasich, a secretary in the office of D. A. McGrady, testified that she typed one will for Alvin Gabriel. She did not know the terms or provisions of the will but to the best of her knowledge, Florence Bilderbeck was named executor. She further stated that she made no notes or anything as to the terms of the will.

D. A. McGrady, one of the attorneys for the petitioner in this court and in the trial court, resumed the stand for further testimony and testified that after checking his notes, he made one will for Alvin Gabriel in 1958. He said that to the best of his recollection there was a bequest of $5,000 to Florence Bilderbeck

and that she was named executor. Continuing, his testimony was that Alvin Gabriel "wanted to make a provision for three cousins, I believe they were, who live near Woodburn and as I recall it, they were nearly his age or older and wanted to make a provision for around five hundred dollars each, and wondered if they had a surviror (sic) to get this fifteen hundred dollars." He further testified that the residuary clause left the remainder of the estate to Frank Gabriel, the respondent.

The foregoing summary of the evidence was the basis for the order of the circuit court here on review. ■ ■ Lost or destroyed wills may be the subject of probate. It must be established that there was due execution and attestation in accordance with the statutory requirements, and that the will was in existence and unrevoked at the date of the death of the testator. The terms and provisions or contents of the instrument are required to be established by "sufficient evidence." Griffith v. Higinbotom, 262 Ill 126, 104 NE 233; Bley v. Luebeck, 377 Ill 50, 35 NE2d 334; Cassem v. Prindle, 258 Ill 11, 101 NE 241.

The last-cited case is further authority for the proposition that in establishing the terms and provisions of the will, it is not necessary that the witnesses testify to its exact language but only to the substantive provisions.

The cases in this and other jurisdictions have used various terms as to the quantum of evidence needed to establish the provisions of the will. (These cases are collected in an annotation at 126 ALR 1141.) It is a matter of choosing between such terms describing the proof required as, "clear and satisfactory," "very clear and satisfactory," "strict and complete," proof "to a reasonable certainty," "direct, clear and convincing," "strong and conclusive"—and then distinguishing between the infinite degrees of those terms. There

is also a line of cases to the effect that where a will has been destroyed after the death of the testator and that will is sought to be probated, and objections thereto are made by persons who appear to have connived in its destruction, only slight evidence of its contents is required. Anderson v. Irwin, 101 Ill 411. The court there said:

". . . the rule seems to be well settled that where one deliberately destroys, or purposely induces another to destroy, a written instrument of any kind, and the contents of such instrument subsequently become a matter of judicial inquiry between the spoliator and an innocent party, the latter will not be required to make strict proof of the contents. . . ."

Indeed, in the case of Jones v. Casler, 139 Ind 382, 38 NE 812, the court seemed to question whether one who had destroyed a will was entitled to contest its probate. The facts in that case, however, indicated that the destruction was fraudulent.

Here, there is no suggestion that the burning of the will was fraudulent. The destruction was after the will was presented to an attorney for advice as to the action taken. The will was destroyed only after the respondent believed, however erroneously, that probate was unnecessary.

■ This record affords no basis for concluding that the respondent connived in the destruction of the will, and neither can it be said that the will was "knowingly and fraudulently" destroyed. It follows, therefore, that the general rule as to the quantum of evidence necessary to establish the terms and provisions of the will is applicable. This record is required to contain "sufficient evidence" or "proof to a reasonable certainty" as to the terms and conditions of the will.

■ Measured by that requirement, we conclude that this record only establishes the existence of a will duly executed and unrevoked at the time of the death of the testator and that the will was subsequently destroyed. We find no error in the action of the trial court in admitting the will to probate. The evidence as previously recited in this opinion is uncontradicted that the will named Florence Bilderbeck as executor. The balance of the order setting forth the terms and the conditions of the will is in error.

There is no evidence whatsoever in the record that there was a $500 bequest to Emma Gabriel, Lula Gabriel and Lillian Bierbaum. The only testimony suggesting a $5,000 bequest to Florence Bilderbeck is the testimony of her attorney based upon his recollection, refreshed by material not offered in evidence, as to the terms of an instrument prepared in 1958. The testimony of the respondent, his wife, his daughter, the banker and the attorney to whom the respondent had handed the will contravene that testimony. The same is true with that portion of the order declaring that there was a residuary clause to Frank Gabriel.

In Crescio v. Crescio, 365 Ill 393, 6 NE2d 628 the court stated that "the attorney who assumes the burden of witness while representing his client in a lawsuit does so at a very great detriment to the credibility of his testimony." Again, in Jonas v. Meyers, 410 Ill 213, at 223, 101 NE2d 509, the court stated:

"We have held many times that while it is not proper for an attorney, in a case he is conducting, to testify on his own behalf, he is for that reason not incompetent, and if he chooses to testify he may do so, but his testimony should be given little weight. (Citing cases.) . . . We cannot sanction such conduct on the part of an attorney and it would have been better had he withdrawn as attorney . . . ."

396

This view as to the weight given such testimony by an attorney is reiterated by the court in the case of In re Estate of Ersch, 29 Ill2d 572, 195 NE2d 149.

It is contended by the petitioner-appellee that par 44 of c 3, Ill Rev Stats 1963, makes the testimony of the attorney witness admissible. The cited statutory provision provides in part:

> "No attorney or partnership of attorneys is disqualified to act or to receive compensation for acting as attorney for any fiduciary by reason of the fact that such attorney or any employee or partner of such attorney or partnership attests the execution of the will or testifies thereto."

■ ■ This statutory provision is not determinative of the issue of the weight or credibility of the testimony. Rather, this provision of the Probate Act has as its purpose the prevention of attesting witnesses' taking gifts under a will for the establishment of which their testimony is necessary. An attorney is a competent witness to prove execution of a will even where the will contains a provision specifically instructing the executor to employ the named attorney to assist in the administration of the estate. However, prior to the adoption of the 1957 amendment quoted above, it was held that by testifying as a witness the attorney could be precluded from receiving any remuneration for his services. In re Estate of Cohen, 279 Ill App 605; In the Matter of Estate of George, 11 Ill App2d 359, 137 NE2d 555.

■ Competence to testify to execution is not the narrow issue here. The order setting forth the terms and conditions of the will other than the provision naming the executor, is based only on the testimony of the attorney for the petitioner. That testimony under the cited cases is entitled to little weight.

■ Clearly, that testimony when contradicted by that of other witnesses, both interested and disinter-

397

ested, is not "sufficient evidence" as is required to establish the contents of the destroyed will.

Accordingly, the order of the trial court admitting the destroyed will of Alvin Gabriel, deceased, to probate is affirmed. The order setting forth the terms and conditions of said will is reversed and the cause is remanded for the entry of an order setting forth terms and conditions in accordance with the views herein expressed.

It would be appropriate, upon remandment of this cause, that there be inquiry as to the necessity for the issuance of letters testamentary. Ch 3, sec 75, Ill Rev Stats 1963, makes provision for admitting a will to probate but eliminating the necessity for the issuance of letters testamentary under certain circumstances. The record before us is inadequate to determine the presence or absence of those circumstances.

Affirmed in part; reversed in part and remanded, with directions.

SMITH, P. J. and TRAPP, J., concur.