In Matter of Estate of Luella George, Deceased. Glenn Haines, Jr., Executor of Last Will and Testament of Luella George, Deceased, Plaintiff-Appellee, v. Floy George, and Lyman Haines, Incompetent Persons, Defendants-Appellants.

### Gen. No. 10,066.

Third District.

October 16, 1956.

Released for publication November 1, 1956.

Stuart J. Traynor, of Taylorville, for appellants.

John W. Coale, of Taylorville, for appellee.

JUDGE CARROLL delivered the opinion of the court.

Luella George, deceased, appointed Glenn Haines, Jr., plaintiff herein, to be the executor of her Will. The instrument, which was witnessed by Homer D. McLaren, an attorney, and two other persons, contained the following provision: "It is my Will that Homer D. McLaren, attorney, be the attorney for said executor." The executor complied with this direction in the Will and engaged McLaren as his attorney.

The County Court of Christian County admitted the Will to probate upon a hearing at which McLaren and one of the other attesting witnesses testified. In his final report the plaintiff asked to be credited with the sum of $1,500 paid to Homer D. McLaren for attorney's fees. The appellants, herein referred to as defendants, who are incompetent beneficiaries under the Will acting through a guardian ad litem appointed in their behalf, filed an objection to the allowance of the fees paid to the attorney for the executor.

The County Court sustained defendants' objection to the report and ordered the executor to restate his account. An appeal from this order was taken to the Circuit Court of Christian County resulting in the entry of an order overruling defendants' objection and approving the final report of the executor. From the order of the Circuit Court this appeal has been perfected.

It is the contention of defendants that by reason of the provisions of the Probate Act the attorney for the executor was not entitled to receive the fee paid to him by such executor.

Section 44 of the Probate Act (Par. 195, Chap. 3, Revised Statutes of Illinois 1953) provides as follows:

"If any beneficial devise, legacy, or interest is given in a will to a person attesting its execution or to his spouse, the devise, legacy, or interest is void as to that beneficiary and all persons claiming under him, unless

the will is otherwise duly attested by a sufficient number of witnesses as provided by this Article exclusive of that person; and he may be compelled to testify as if the devise, legacy, or interest had not been given. But the beneficiary is entitled to receive so much of the devise, legacy, or interest given to him by the will as does not exceed the value of the share of the testator's estate to which he would be entitled were the will not established."

The reasonableness of the fee charged does not appear to be challenged. Accordingly, the sole question requiring decision on this appeal is whether an attorney, who is employed by the executor pursuant to a direction in a Will, is precluded from receiving compensation for services rendered to such executor.

Prior to the adoption of the Probate Act of 1939, the substance of the above provision was included in the Statute of Wills as Section 8 thereof (Sec. 8, Chap. 148, Illinois Revised Statutes 1933). In Scott v. O'Connor-Couch, 271 Ill. 395, the Supreme Court interpreted the meaning and effect of such section and said:

"In the revision of 1872 a provision of the Revised Statutes of 1845 was brought forward as section 8 of the Statute of Wills. It removed the incompetency of a witness to the execution of a will to whom any beneficial devise, legacy or interest was made or given by the will, and provided that such witness should be compellable to appear and give testimony on the residue of the will in like manner as if no such devise or bequest had been made, but the devise, legacy or interest was declared to be null and void unless the will had been duly attested by a sufficient number of witnesses exclusive of such person, saving, however, to the witness any share of the testator's estate not exceeding the value of the devise or bequest to which the witness would have been entitled if the will was not established. That section of the Statute of Wills was regarded by this court as remedial and its purpose

361

and effect were explained in Jones v. Grieser, 238 Ill. 183."

In Jones v. Grieser, to which the Court referred in the Scott case, the Court states the purpose of the enactment of said Section 8 to be as follows:

"The section of the statute above referred to was passed solely with a view to prevent the destruction of a will which would otherwise be a valid will except that the will, as executed, contained some provision which made its establishment according to the forms of law necessary by the calling of witnesses who took some interest under the will. If the incompetency of the witnesses existed outside of the fact that the will gave them a beneficial interest in the testator's estate, section 8 of the Wills act does not remove the incompetency of the witnesses to the will. If, however, the incompetency of the witness arises by the act of attesting a will which gives the witness some interest in the testator's estate, the statute does apply, and under that section of the statute, while the witness cannot take under the will, nevertheless he may be called and the will established by his evidence.

"The statute uses the words 'devise, legacy or interest.' The word 'interest,' therefore, must be given some force and effect, and, as applied to a case like this, it clearly designates the interest created in the attesting witness by his being named as executor in the will,— that is, the interest which the witness receives as executor. The courts, in construing a statute, should give force and effect to all the language of the statute."

The above interpretation of this Statute was applied in the case of In re Estate of Cohen, 279 Ill. App. 605. In that case the Will contained a provision directing the executor to employ one Raymond Kelner as his attorney to assist in the administration of the estate. Kelner was also a witness to the execution of the Will. It was contended that Kelner by reason of the provi-

362

sions of the Will directing his employment as attorney for the executor became a party in interest and as such was disqualified as a witness. The Appellate Court held Kelner to be a competent witness for the purpose of proving the execution of the Will. However, as to the consequences of so testifying, the Court had this to say:

"We gather from the record in the case before us that the testimony of Kelner was necessary to establish the will and that by testifying as a witness he would be precluded from receiving any financial remuneration thereunder. This inhibition placed upon Kelner by the statute would properly be enforceable in the probate court of Cook county."

The same subject was considered by the Court in the recent case of In re Estate of Garner, 8 Ill.App.2d 41 and we find its views thereon expressed as follows:

"Mr. Galloway, one of the attesting witnesses, was by the terms of the will designated as attorney for the executor, and he appeared as attorney for the proponents of the will in the Probate Court. The defendants insist that he therefore should be disqualified as a witness. Mr. Galloway did not appear as attorney for the proponents of the will before the Circuit Court, and under the law he would not be disqualified as an attesting witness, but he would not be permitted to receive any financial remuneration by reason of the will. In re Estate of Cohen, 279 Ill. App. 605."

The plaintiff here argues that since there were three witnesses to the Will, it was not necessary for McLaren to testify and that he only did so because one of the other two witnesses was ill and unable to be in court on the day of the hearing on the petition to admit the Will to probate. The fact remains, however, that McLaren did testify as a witness to the execution of the Will. Without his testimony there was lacking a sufficient number of witnesses to establish the Will as required by the Statute.

363

The plaintiff also contends that an attorney named in a Will as attorney for the executor does not thereby receive such a beneficial interest as to bring him within the purview of Section 8 of the Probate Act since the executor might not employ such attorney. The word "interest" as employed in the above section, has been construed to include a contingent and uncertain interest which might accrue by virtue of compliance with a direction in the Will. Jones v. Grieser, supra. We think the Will in this case leaves no doubt as to the fact that an interest thereunder would accrue to McLaren if the testator's wishes were followed.

Furthermore, the record in the instant case discloses that upon the death of the testator, McLaren without any apparent direction of the executor, summoned all of the beneficiaries under the Will to his office; that he read the Will to the beneficiaries; that on such occasion he attempted to have all of the beneficiaries sign an entry of appearance to the hearing on a petition to probate the Will; that later he discussed the subject of attorney's fees with the executor and that at the beginning of the proceedings the executor paid him $1,500 to apply on his fees. Obviously, the attorney regarded the testator's direction that he be the attorney for the executor as conferring upon him the right to act as such. In view of these circumstances we fail to perceive any marked aspect of uncertainty so far as the attorney's interest under the Will is concerned.

For the reasons herein given, we are of the opinion that defendants' objection to the final report should have been sustained and that plaintiff should have been required to restate the account. In ruling to the contrary the Circuit Court erred. Its judgment is therefore reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded.

REYNOLDS, P. J. and ROETH, J., concur.