428 P.2d 632

**Johnny PAVLETICH, Contestant-Appellant,**

**v.**

**Louis M. PAVLETICH and Mary Katherine Pavletich, Respondents-Appellees.**

**No. 8262.**

Supreme Court of New Mexico.

June 12, 1967.

**94**

Stephenson & Olmsted, Santa Fe, for appellant.

Wright & Kastler, Raton, for appellees.

## OPINION

NOBLE, Justice.

Johnny Pavletich, who contested the will of Martin Pavletich, deceased, has appealed from a judgment of the district court admitting the will to probate.

The instrument was drafted by John B. Wright, an attorney, and directed the testator's executors to employ Wright in its probate. It likewise recited that Mr. Wright was familiar with testator's wishes and problems and directed testator's trustee to employ Wright in legal matters pertaining to a trust. created by the instrument. Wright, his law partner, Paul A. Kastler, and their secretary, Mary Jane Williams, were the subscribing witnesses to the instrument and testified to its execution by the testator.

This appeal turns on the application of two New Mexico statutes. Section 30–1–4, N.M.S.A.1953, requires wills to be in writing, signed by the testator, and "attested in the presence of the testator by two (2) or more credible witnesses." Section 30–1–5, N.M.S.A.1953, goes on to provide that "[p]ersons becoming heirs, and those receiving benefits or legacies, by will, cannot be witnesses to the will in which they are interested."

The contestant's appeal centers upon the directions that Wright be employed to represent the executors and trustee. This, it is argued, either (1) constitutes a "benefit" within the meaning of § 30–1–5, supra, or (2) prevents Wright from being a "credible witness" as required by § 30–1–4, supra, because of a case law disqualification of interested parties. If successful under either of these propositions, the contestant relies on the Wright-Kastler partnership agreement to tinge Kastler with the same disqualification. This would leave the will without the requisite two attesting witnesses and preclude its probate.

A provision in the will directing the employment of a certain person as attorney for the estate is generally held not to be binding. 1 Page on Wills, Bowe-Parker Revision, § 5.5. The courts have reached that result for various reasons. This court followed the great weight of authority in In re Hoxsey's Will, 67 N.M. 77, 352 P.2d 652, agreeing with the reasoning of Conlan v. Sullivan, 280 Ill.App. 332, which concluded, after an exhaustive review of the decisions, that "[t]he law appears to be that a trustee or executor is not bound to employ an attorney even though the will uses such words as 'direct,' 'command' or 'appoint.'" The authorities seem in agreement that where this rule prevails, the person named as attorney is nevertheless a competent attesting witness to a will, and is not disqualified on the ground of interest, since he takes nothing under the will. 2 Page on Wills, Bowe-Parker Revision, § 19.88, and cases cited. From this, we reject the assertion that Wright was an interested party as to prevent him from being a credible witness.

The same reasoning applies to the assertion that Wright received a "benefit" under the will. The benefit which disqualifies a witness must be of a definite and legal nature. It follows that, because the request or direction to employ Wright as attorney is unenforceable, the will confers upon him no benefit of a legal or definite nature, and he is accordingly not a benefici-

ary under the will within the meaning of § 30-1-5, supra. Drosos v. Drosos, 251 Iowa 777, 103 N.W.2d 167; Yribar v. Fitzpatrick, 87 Idaho 366, 393 P.2d 588; In re Henderson's Will, 272 Wis. 163, 74 N.W.2d 739. We are not impressed by the reasoning of In re George's Estate, 11 Ill.App.2d 359, 137 N.E.2d 555, and the earlier Illinois decisions upon which it was based, relied upon by the contestant, and decline to follow them. See, In re Gabriel's Estate, 59 Ill. App.2d 388, 210 N.E.2d 597.

Finding no error, the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ, C. J., and WOOD, J., Court of Appeals, concur.